Daniel, J.
 

 This was a warrant in debt on a single bill for fifty dollars and interest. The defendants pleaded
 
 “
 
 a former judgment.” To support their plea, they gave in evidence a warrant' in debt, between the same parties, on the same bill, and a judgment on the same, in these words:
 

 “May 12th, 1838. Judgment against the plaintiff for costs of suit, forty cents, by me.
 

 P. BRITTAIN, J. P.”
 

 The defendants introduced the justice as a witness, to prove that the merits of the controversy had been adjudicated in that trial. From what the witness deposed to, as set out in the case, the Judge was of opinion that the judg
 
 *60
 
 ment had not been given on the merits; that it was only a judgment of nonsuit. We are of the same opinion with his Honor. But it is now contended, that the court should have decided the question, upon the face of the judgment itself, whether it was one of nonsuit or on the merits, and that pa-rol evidence should not have been resorted to in aid of the construction. It is not competent for the defendants to raise an objection, because of the admission of testimony by them offered. Besides, it is well known, that the entries made by our justices of the peace, in most of their judicial proceedings, are very loose and informal; but this entry, we think, imports a judgment, according to the practice of the justices of this State, aided by our act of Assembly. In
 
 Ferril v
 
 Underwood,
 
 2
 
 Dev. 114, the court say:
 
 “
 
 If the entry imports a judgment, then we think it is proper to prove by the justice or any other person, that the merits were gone into, if the testimony be consistent with the judgment.” We think that this judgment may well stand, either for a non-suit or a judgment on the merits; and, according to the above case, the testimony to shew whether the merits were passed upon or not, was admissible.
 

 Per Curiam. Judgment affirmed.