Daniel, J.
 

 At common law, there is no form of an entry in the books of a judgment dismissing an action. Every judgment against a plaintiff, is eiiber upon a
 
 retraxit, non pros.,
 
 nonsuit,
 
 nolle prosequi,
 
 discontinuance, or a judgment on an issue found by the jury in favor of the defendant, or upon demurrer. The inducements or preliminary recitals in these several kinds of judgments are variant, but the conclusion in each is always the same; it is as follows ;
 
 *442
 
 « Therefore it is considered by the court that the plaintiff take nothing by his writ, and that the defendant go without day, and recover of the plaintiff his costs, &c.” If the en- ^ abovemeiitioned could be considered as a
 
 retraxit,
 
 or a final judgment on the merits, it would bar the plaintiff’s action ; otherwise it would not. A
 
 retraxit
 
 it cannot be, for that is al ways made in person in
 
 open
 
 court, when the trial is called. 2 Arch. Prac. 250. 3 Thomas Coke, 500. The issue upon the plea of “ release” in the County Court, was not tried by a jury; so that the said entry could not be considered a judgment upon a verdict. The entry does not shew that the merits of the cause passed
 
 in rem-judicatam.
 
 We know of no reported case like, it in this State. We must, however, consider it as nothing more than a judgment of discontinuance, where the court erred in ordering the defendants to pay the costs, or it is such a judgment, with the consent of the parties that the defendants should pay the costs.
 
 Carter
 
 v Wilson, 2 Dev. & Bat. 276. It is therefore no bar to this action. Archb. Prac. 235. Maul. & Selw. 153.
 

 Secondly ;
 
 in the absence of all other proof, we think that the entry ol the payment of the costs by the defendants was not even
 
 prima facie
 
 evidence, to be left to the jury, of an accord and satisfaction. The above cited case of
 
 Carter v Wilson,
 
 supports this opinion.
 
 The judgment must be
 
 affirmed.
 

 Per Curiam, Judgment affirmed.