Nash, J.
 

 We regret the necessity, in which we are placed, of granting a new trial. The sum demanded is very small, and no important principle of law is, involved in the controversy. We think his Honor erred in the construction, which he placed on the judgment by the magistrate on the former trial, and, of course, it is our duty to send the case back for a new trial. To the present action the defendant pleaded a former judgment between the same parties, upon the same subject matter, and, in support of his plea, introduced a warrant in the name of the plaintiff upon this same bond. The magistrate, who tried the case, endorsed upon it, “ warrant dismissed and judgment for the officer for one dollar.” In order to shew that the magistrate, who tried the first warrant, passed upon the bond now in controversy, the defendant produced the magistrate, who testified, that, on the return of the warrant, the plaintiff and defendant both attended, that several witnesses were examined by the plaintiff as to the handwriting of the defendant, some of them the neighbors and one the brother of the defendant, some of whom testified that they could not say the signature was the hand-writing of the defendant, that they did not know it. His Honor was of opinion, that the entries upon the back of the warrant did not amount to a judgment, but to a nonsuit, and that the parol evidence did not alter its effect. In this opinion we think there was
 
 *559
 
 error. The evidence shows, that the only matter in controverso between the parties was as to the execution of the bond; several witnesses were produced by the plaintiff to this point, none of whom established the fact — and, with this entire fail-tire of evidence, the magistrate dismissed the warrant. The inference is irresistible, in the absence of contradictory or explanatory evidence, that the justice dismissed the .warrant, because he considered the plaintiff had failed to prove the bond. Not only, then, was there a judgment given against the plaintiff, but upon the very point in issue, in this case, to wit, the validity of the bond declared on. It has not been the course of the Court to look too narrowly into the form, in which Justices of the Peace do their official business, and it" has now become a settled principle, that the Courts will be satisfied, i f enough appears to show what was done or intended to be done. In the case of
 
 Ferrill
 
 v.
 
 Underwood, 2
 
 Dev. 114, the Court decided, that an entry by a magistrate, upon the trial of a warrant. “ In this case the plaintiff to pay costs,” was equivocal, it might be a judgment of nonsuit or on the merits, but, as there was evidence to show, that the magistrate had gone into the merits of the case, it was a judgment, which protected the defendant upon the trial of another warrant for the same subject matter. The case of
 
 Justice
 
 v. Justice, 3 Ired. 58, affirms the doctrine in the case from Devereux. In
 
 Justice
 
 v.
 
 Justice,
 
 the entry on the warrant was, “judgment against plaintiff for costs,” and the Court say the judgment might well stand for a nonsuit or a judgment on the merits, and as there was no competent testimony to show that the merits had been gone into, it- was considered ■ a judgment of nonsuit. Here the entry made by the justice implies a judgment according to the practice of the Justices of this State, and we think it was sufficiently shown that the merits were gone into. The plaintiff might have shown it, perhaps, a judgment of nonsuit, if he had chosen so to do. The evidence of the debt was his property, and, upon finding his witness could not prove its execution, he may have withdrawn it, and thereupon the magistrate may have endorsed it on the papers, as a. nonsuit.—
 
 *560
 
 Upon the next trial, the parties may show whether the plaintiff retained possession of .the paper or the magistratehas kept it.
 

 Per Curiam, Judgment reversed and a
 
 venire de novo
 
 awarded'.