Battle, J.
 

 We differ, from his Honor as to the effect of the entry in the former suit, between the same parties,'for the same cause of action. The terms “compromised, e.aph party pay their own cost,” may import either of two things : that the subject matter of controversy between them was compromised and settled■; or, that only the particular suit was compromised, and it is open to testimony on each side to show what was the intention of the -parties. Another entry upon another part of the record in the same suit of “Nolle ' Prosequi,” would seem to indicate that ho final' judgment upon the merits was intended, but as the whole record must be taken together, the question of intention is left in doubt, and must be determined by extrinsic proof. It-isWery clear that there was no regular adjudication of the Court upon the merits of the controversy, because, as to them, we cannot see what was the judgment, and also, because the Court
 
 *404
 
 would have given costs to the prevailing party under the Y5th section of the 31st chapter of the Revised Code. It was, in truth, an agreement of the parties entered of record, but entered in such vague terms, as to make it necessary to call for testimony
 
 dehors
 
 the record, to show what the entire agreement was. In the case of
 
 Carter
 
 v.
 
 Wilson,
 
 2 Dev. and Bat. Rep. 276, it was held that an entry in a suit “by consent of parties, it is ordered by the Court, that this cause be dismiss-sed, and that the defendant do pay to the plaintiff his costs by him in this behalf expended,” was not a judgment at all upon the merits for or against either party, nor was
 
 it prima fa-cie
 
 evidence of an accord and satisfaction, but was, simply, an agreement of some sort between the parties, which either was at liberty to explain by extrinsic proof, in order to show what was the full agreement between them. So, in
 
 Bond
 
 v.
 
 McNider,
 
 3 Ired. Rep. 440, it was decided that an entry in a suit “ dismissed at the costs of the defendant,” was not a judgment upon the merits, so as to bar another action for the same cause; that it was, simply, a judgment of discontinuance, where the Court erred in ordering the defendant to pay the costs, or where such order was made by consent of the parties.
 

 The principle dedueible from these cases, is decisive of the present. The term “ compromised,” which the defendant’s counsel relies on, as distinguishing it from them, cannot make any difference. That term unexplained, may, as we have already said, mean that the parties had finally adjusted the cause upon the merits, by which adjustment each party would be bound, or that they had agreed the particular suit should be stopped and dismissed from the docket, upon the terms of each party’s paying his own costs. The result of the present suit must depend upon the evidence as to what was the full agreement of the parties.
 

 Per CueiaM, The judgment must be reversed, and a
 
 veni-re de novo
 
 awarded.