FIRST NATIONAL BANK OF SPRING HOPE v. MRS. LIZZIE MITCHELL, MRS. ADDIE GRIFFIN, MISS CORNELIA LOUISE EDWARDS, MISS FLORENCE EDWARDS AND MISS FLORENCE EDWARDS, ADMINISTRATRIX OF THE ESTATE OF S. C. EDWARDS, DECEASED.

(Filed 17 February, 1926.)

**1. Judgments—Consent—Contracts—Courts—Modification.**

A consent judgment is the agreement of the parties entered of record with the sanction of the judge, and in the absence of fraud or mutual mistake cannot be modified by the court without a like consent, and must be enforced in accordance with its provisions.

**2. Same—Executors and Administrators—Statutes—Creditors—Distribution.**

Where a consent judgment provides that a commissioner appointed for the purpose sell certain lands of a deceased person, and pay the net proceeds to the administratrix of the deceased to pay the debts of his estate, the distribution of these proceeds are thereunder to be made under the provisions of C. S., 93, providing the order of payment, and a judgment ordering them to be paid to a lien of a judgment cerditor on the lands of the estate, adjudging it a prior lien, is reversible error.

APPEAL by defendants from *Cranmer, J.,* at December Term, 1925, of NASH. Error.

On 16 August, 1922, H. R. Edwards, S. C. Edwards, S. B. Griffin and J. N. Griffin, made and executed their joint note to the plaintiff, First National Bank of Spring Hope, due at 90 days for $1,650. The note was unpaid at maturity and was renewed by the same parties maturing 1 January, 1923. The plaintiff, on 10 March, 1923, sued the parties who signed the note and obtained judgment thereon. Execution was issued on the judgment and returned unsatisfied. Thereafter S. C. Edwards died and Florence Edwards was appointed administratrix of his estate. She and the other defendants are the heirs at law of S. C. Edwards. Plaintiff brings this suit to set aside certain conveyances, made by S. C. Edwards.

It is charged in the complaint that while S. C. Edwards was indebted as aforesaid to plaintiff, he made a voluntary conveyance of certain land to his daughters, defendants in this case, without retaining sufficient property to pay his debts, etc. Plaintiff prayed that the deed be set aside and declared void, etc.

Defendants answer, and, among other things, say: "It is absolutely denied that the said S. C. Edwards ever owned in fee simple any of the tracts of land set out and described in article 10 of said complaint, except the first tract, consisting of tracts A, B and C, and this was conveyed and deed delivered by the said S. C. Edwards to Mrs. Lizzie Mitchell, one of said defendants prior to the execution of any of the notes as set out in said complaint and she is now the owner in fee simple of said tract of land, free and clear from any lien by reason of the matters and things set out in said complaint. That it is absolutely denied that the said S. C. Edwards at any time owned a fee-simple interest in tracts 2, 3 and 4, as is described in article 10 of plaintiff's complaint. But that the said tracts or parcels of land were owned in fee simple by Mrs. Nancy Edwards, mother of the defendants; and the said S. C. Edwards only owned a life interest in the said tracts or lots of land by curtesy. That these defendants allege that the same is owned by the parties therein set out in fee simple and free and clear from any lien by reason of said notes; same having descended to them from their mother, Mrs. Nancy Edwards. That tracts 2, 3 and 4, as above stated, were owned in fee simple by Mrs. Nancy Edwards at the time of her death. That these defendants allege upon information and belief, and so avers, that the said S. C. Edwards owned no real property at the time he executed either of the said notes as set out in said complaint, and they absolutely deny that he was the owner of either of the said lots on said date as described in said complaint. These defendants further deny that there is any lien upon either of the said lots by reason of his having executed, if he did, the said notes therein set out." Defendants pray that the deeds be not set aside, etc.

The following judgment was agreed to and signed by attorneys for plaintiff and defendants: "This cause coming on to be heard and it being made to appear to the undersigned clerk of the Superior Court that by agreement of I. T. Valentine and Battle & Winslow, attorneys for plaintiff, and Finch & Vaughan, attorneys for defendants, that the first tract as described in article 10 of the complaint in said action, the said tracts being designated as A, B and C, were owned in fee simple by S. C. Edwards at the time of his death; that the other tracts described in said complaint as second, third and fourth, were not the property of the said S. C. Edwards at the time of his death, but belonged to his deceased wife; that S. C. Edwards et al., are indebted to plaintiff as

alleged in the complaint; that in order to make assets to pay the indebtedness of the estate of the said S. C. Edwards, it is necessary that the first tract be sold, same being bound and described as follows (the tracts A, B and C, are described by metes and bounds). It is now, therefore, ordered, adjudged and decreed by agreement between plaintiff and defendants that S. C. Edwards was the owner in fee simple of those certain tracts or parcels of land above described; and that Miss Florence Edwards be and she is hereby appointed commissioner to sell the lands described above on 30 November, 1925, at the courthouse door in Nash County to the highest bidder at public auction for cash, after advertising as required by law, and the said commissioner shall report her proceedings to this court. This cause is retained for further order. This 31st day of October, 1925.          J. N. SILLS, C. S. C."

Florence Edwards sold the land, as commissioner, for $1,425, and filed her report 9 December, 1925.

Cranmer, J., on 12 December, 1925, rendered the following judgment: "It appears from the record that by consent a part of the land described in the complaint was adjudged to be sold by a commissioner, the commissioner to report her proceedings to this court, and that the judgment failed to make any provision for the disbursement of proceeds of sale. The plaintiff, at this term, moved for a supplemental judgment directing the commissioner, after payment of necessary expenses of sale, including such allowance as might be made by this court as compensation to the commissioner, to pay the proceeds of sale to the plaintiff to the extent of the plaintiff's indebtedness as alleged in the complaint, in satisfaction of the plaintiff's alleged equitable lien upon the property sold. It appears that no one other than the plaintiff has made any claim in this action to any lien on the property by judgment, mortgage or otherwise. The defendants contend that the commissioner be ordered to retain the fund in her hands as administratrix of the estate of S. C. Edwards, deceased, to be disbursed as assets of said decedent, in payment of costs of administration, attorneys' fees and debts of S. C. Edwards, in the order provided by statute. The court being of the opinion, upon the record, that the plaintiff is entitled to priority over the claims of all other creditors of S. C. Edwards to the extent of the net proceeds of sale of the land sold in this action, allows the plaintiff's motion and denies the defendants' motion. It is now, therefore, ordered, adjudged and decreed that the commissioner, after paying the expenses of the sale as fixed by the court, pay the surplus of proceeds of sale to the plaintiff as far as it will go in satisfaction of the plaintiff's indebtedness as alleged in the complaint, and the remainder thereafter, if any, be

retained by Florence Edwards, administratrix of S. C. Edwards, deceased; let petitioners pay costs of this proceeding."

To the foregoing judgment, defendants excepted, assigned error and appealed to the Supreme Court.

*Battle & Winslow and I. T. Valentine for plaintiff.*
*Finch & Vaughan and Manning & Manning for defendants.*

CLARKSON, J. In the consent judgment of 31 October, 1925, signed by J. N. Sills, C. S. C., it was expressly agreed: "That in order to make assets to pay the indebtedness of the estate of the said S. C. Edwards, it is necessary that the first tract be sold," etc.

The judgment of 12 December, 1925, which says: "To pay the proceeds of sale to the plaintiff to the extent of the plaintiff's indebtedness as alleged in the complaint, in satisfaction of the plaintiff's alleged equitable lien upon the property sold," is contrary to the plain language of the consent judgment.

*Walker, J.,* in *Massey v. Barbee,* 138 N. C., p. 88, said: "The rights of the parties must be determined solely by the judgment to which they have assented. 'The judgment, or as it is termed the decree, is by consent the act of the parties rather than of the court, and it can only be modified or changed by the same concurring agencies that first gave it form, and whatever has been legitimately and in good faith done in carrying out its provisions must remain undisturbed.' *Vaughan v. Gooch,* 92 N. C., 524. And in *Edney v. Edney,* 81 N. C., 1, *Dillard, J.,* says for the Court: 'A decree by consent as such must stand and operate as an entirety or be vacated altogether, unless the parties by a like consent shall agree upon and incorporate into it an alteration or modification. If a clause be stricken out against the will of a party, then it is no longer a consent decree, nor is it a decree of the court, for the court never made it.' The law will not even inquire into the reason for making a decree, it being considered in truth the decree of the parties, though it be also the decree of the court, and their will stands as a sufficient reason for it. *Wilcox v. Wilcox,* 36 N. C., 36. It must therefore be interpreted as they have written it and not otherwise."

It is well settled in this jurisdiction: If parties have the authority, a consent judgment cannot be changed, altered or set aside without the consent of the parties to it. The judgment, being by consent, is to be construed as any other contract of the parties. It constitutes the agreement made between the parties and a matter of record by the court, at their request. The judgment, being a contract, can only be set aside on the ground of fraud or mutual mistake. *Massey v. Barbee, supra; Deaver v. Jones,* 114 N. C., 650; *Lynch v. Loftin,* 153 N. C.,

13—191

270; *Bank v. McEwen,* 160 N. C., 414; *Gardiner v. May,* 172 N. C., 192; *In re Chisholm,* 176 N. C., 211; *Morris v. Patterson,* 180 N. C., 484; *Walker v. Walker,* 185 N. C., 380; *Distributing Co. v. Carraway,* 189 N. C., 423; *Smith v. Smith,* 190 N. C., 764; *Coburn v. Comrs., ante,* 68.

No shadow of fraud or mutual mistake is suggested by the record. Florence Edwards sold the land as commissioner. She is also administratrix of the estate of S. C. Edwards. After the report is confirmed, deed made and purchase money collected, she must make her report (C. S., 765), and the balance in her hands she must account for as administratrix. According to the consent judgment, the land was sold "in order to make assets to pay the indebtedness of the estate of S. C. Edwards." This being the agreement, the fund going into her hands as administratrix must be paid to creditors in accordance with C. S., 93, providing the order of payment of debts of a decedent.

In the judgment of the court below, there was

Error.