W. E. CASON v. J. R. SHUTE, JR., TRUSTEE, ET AL.

(Filed 27 January, 1937.)

1. Judgments § 4: Execution § 11—

   The procedure to attack a consent judgment on the ground that the party did not in fact consent thereto, and to recall execution issued thereon is by motion in the cause.

2. Execution § 11—Where consent judgment does not show amount for which execution should issue, jury must determine controverted amount.

   It is error for the clerk to issue execution on a consent judgment without notice and a hearing when the amount for which execution should issue is not determinable from the face of the instrument, but must be ascertained by evidence *dehors* or *aliunde*, and a motion in the cause to recall the execution should be allowed until the controverted amount is determined by a jury. In this case the judgment provided for contribution by other defendants upon default of any one of them and for subrogation against defaulting defendant or defendants, and execution was issued against movant for his *pro rata* part of the amount charged against a defaulting defendant.

3. Judgments § 1—

   A consent judgment is a contract of the parties recorded with the sanction and permission of the court, and should be construed and dealt with as if the parties had entered into a written contract embodying the terms of the judgment.

APPEAL by plaintiff from *Rousseau, J.,* at October Term, ʻ1936, of UNION.

Civil action to restrain execution and to vacate alleged consent judgment on ground that plaintiff did not consent thereto.

At the October Term, 1931, Union Superior Court, judgment was entered in the case of *Hood, Comr., v. W. S. Blakeney, et al., Directors of the Bank of Union,* ostensibly by consent, in which the defendants therein agreed to pay the plaintiff $40,000, the amount to be paid by each defendant being stipulated therein. The judgment also provided for contribution among the other defendants in case any should default, and subrogation against any defaulting defendant or defendants.

Default having been made by one of the defendants, and contributory payment by the others, with the exception of W. E. Cason, execution was issued by the clerk against the said W. E. Cason for the calculated amount of $3,432.22 with interest and costs.

Upon the hearing, after the jury had been impaneled, the court reversed its ruling as to a jury trial, asked counsel for plaintiff if the action might be treated as a motion in the original cause, to which counsel consented "if the court deems a motion in the original cause the

proper procedure," but demanded a jury trial on the issues tendered. This was refused; whereupon counsel for plaintiff declined to proceed further and gave notice of appeal. The court thereupon proceeded "to consider the complaint and petition and other papers herein, and treat them as evidence in the hearing of a motion in the cause," denied the same, dissolved the injunction, and dismissed the action.

Plaintiff appeals, assigning errors.

*A. M. Stack and C. E. Hamilton for plaintiff, appellant.*
*O. L. Richardson for defendants, appellees.*

STACY, C. J. It is apparent that on the hearing the matter became entangled in the net of form. This ought not to deprive the parties of their rights.

On the question of recalling the execution, *Williams v. Dunn,* 158 N. C., 399, 74 S. E., 99; *S. c.,* 163 N. C., 206, 79 S. E., 512, and whether plaintiff consented to the judgment of 1931, *Morgan v. Hood, Comr., ante,* 91, the proper procedure is by motion in the cause. *Deitz v. Bolch,* 209 N. C., 202, 183 S. E., 384; *Bank v. Penland,* 206 N. C., 323, 173 S. E., 345; *Register Co. v. Holton,* 200 N. C., 478, 157 S. E., 433; *Weir v. Weir,* 196 N. C., 268, 145 S. E., 281; *Aldridge v. Loftin,* 104 N. C., 122, 10 S. E., 210; *Long v. Jarratt,* 94 N. C., 443.

As we understand the record, the execution issued by the clerk would seem to be irregular, as the amount could only be determined by evidence *dehors* or *aliunde.* The clerk was not authorized to make this determination, which apparently he undertook to do without notice or opportunity to be heard. In any event, the motion to recall, until the controverted amount could be ascertained by a jury, should have been allowed. *Stanley v. Parker,* 207 N. C., 159, 176 S. E., 279.

The judgment entered at the October Term, 1931, being a consent judgment, is to be construed, and accordingly dealt with, as if the parties had entered into a written contract, duly signed and delivered, embodying therein the terms of said judgment. *Bunn v. Braswell,* 139 N. C., 135, 51 S. E., 927. It stands as the agreement of the parties, made a matter of record at their request, and with the permission and approval of the court. Speaking to the question in *Wilcox v. Wilcox,* 36 N. C., 36, *Gaston, J.,* says a consent judgment "is in truth the decree of the parties"; and *Dillard, J.,* in *Edney v. Edney,* 81 N. C., 1, defines it as follows: "A decree by consent is the decree of the parties, put on file with the sanction and permission of the court; and, in such decree, the parties, acting for themselves, may provide as to them seems best concerning the subject matter of the litigation." *Vaughan v. Gooch,* 92 N. C., 524. "Consent judgments are, in effect, merely contracts of the parties, acknowledged in open court and ordered to be recorded."

*Clark, C. J.,* in *Bank v. Comrs.,* 119 N. C., 214, 25 S. E., 966. "A judgment by consent is not the judgment or decree of the court. It is the agreement of the parties, their decree, entered upon the record with the sanction of the court. It is the act of the parties rather than that of the court." *Brown, J.,* in *Belcher v. Cobb,* 169 N. C., 689, 86 S. E., 600. See, also, *Ellis v. Ellis,* 193 N. C., 216, 136 S. E., 350; *Bank v. Mitchell,* 191 N. C., 190, 131 S. E., 656; *Distributing Co. v. Carraway,* 189 N. C., 420, 127 S. E., 427; *Morris v. Patterson,* 180 N. C., 484, 105 S. E., 25; *Gardiner v. May,* 172 N. C., 192, 89 S. E., 955; *Harrison v. Dill,* 169 N. C., 542, 86 S. E., 518; *Lynch v. Loftin,* 153 N. C., 270, 69 S. E., 143; *Henry v. Hilliard,* 120 N. C., 479, 27 S. E., 130; 15 R. C. L., 645.

Error.