MOZELLE STEELE v. KEITH M. BEATY AND CHARLIE HAWORTH.

(Filed 31 May, 1939.)

1. **Judgments § 33c—Judgment held one upon a retraxit, which constitutes a bar to subsequent action.**

The judgment pleaded as a bar to the present suit recited that the plaintiff therein did not care to further prosecute the action and had agreed that the same be dismissed, and upon motion and agreement it was ordered that the action be dismissed and that the summons and complaint be withdrawn from the records. The judgment was consented to in writing by plaintiff personally, and it further appeared by uncontradicted evidence that the judgment was signed in consequence of a release theretofore executed by plaintiff and upon a consideration paid to her at the very time of the entry of the judgment. *Held:* The judgment was one upon a *retraxit*, which constitutes a bar to a subsequent action on the same subject matter between the parties, and defendants' motion to nonsuit the second action should have been granted. The distinction between judgments upon a *retraxit*, which are usually based upon a settlement out of court and are entered upon consent of both parties, and judgments of nonsuit, *non pros*, and of *nolle pros*, which do not determine the merits and cannot support a plea of *res judicata*, pointed out.

2. **Clerks of Court § 3—**

Clerks of the Superior Court have jurisdiction to enter a judgment upon a *retraxit*.

STEELE *v.* BEATY.

**3. Judgments § 35—**

If, upon the plea of estoppel by judgment, the nature of the judgment does not clearly appear upon its face, the court may hear evidence to determine whether the judgment is one of nonsuit or one upon a *retraxit*, which determines the cause upon its merits and constitutes a bar to a subsequent action.

**4. Judgments § 22b—**

A judgment upon a *retraxit* is a complete bar to a subsequent action between the same parties upon the same subject matter so long as it remains in full force and effect, and it can be attacked on the grounds of mental incapacity only by motion in the cause.

CLARKSON and SCHENCK, JJ., dissenting.

APPEAL by defendants from *Hamilton, Special Judge,* at October Extra Term, 1938, of MECKLENBURG. Reversed.

This is an action to recover damages for personal injuries alleged to have been caused by an assault by the defendants in attempting to perform an abortion upon plaintiff.

The defendants denied the allegation contained in plaintiff's complaint, charging them with an attempt to produce an abortion. In further defense they pleaded two certain releases from any further claims or rights of action against them executed by the plaintiff. They likewise pleaded a judgment in a former action based on the same cause of action entitled as in this case, entered in the Superior Court of Mecklenburg County in words as follows:

"The plaintiff in the above entitled action does not care to further prosecute said action, and has agreed that the same may be dismissed.

"Upon motion and by consent it is agreed that said action be, and the same is hereby dismissed, and it is ordered that the summons and complaint in said action be, and the same is hereby withdrawn from the records."

The judgment was signed 4 October, 1937, by the clerk of the Superior Court of Mecklenburg County and was consented to by the plaintiff in person and by her counsel, which consent was endorsed upon the judgment.

The plaintiff admitted the execution of the releases (or some paper writings) but alleged that at the time of their execution she did not have sufficient mental capacity to understand the nature and effect of her action and that the execution of the same was obtained by fraud. She likewise made categorical denial of the entry of the judgment pleaded in bar by the defendants.

The jury, by answering the issues submitted, found that the defendants committed an assault upon the plaintiff, as alleged; that at the time of the execution of the releases the plaintiff was not of sufficient

mental capacity to understand the nature and effect of her action; that the releases were not procured by fraud; and assessed damages, both compensatory and punitive. The eighth issue as follows: "8. Is the plaintiff's cause of action barred by the judgment of October 4, 1937, entered in that action entitled, 'Mozelle Steele v. K. M. Beaty and Charlie Haworth,' as alleged in the answer?" was answered by the court, "No," as a matter of law upon the theory that nothing was finally and definitely concluded by that judgment. To the action of the court in answering the eighth issue "No" as a matter of law and to its instruction to the jury in respect thereto, the defendants duly excepted.

There was a judgment for the plaintiff upon the verdict. The defendants excepted and appealed.

*Jake F. Newell, B. F. Wellons and Jno. A. McRae for plaintiff, appellee.*
*H. L. Taylor and J. Laurence Jones for defendants, appellants.*

BARNHILL, J. While the plaintiff in her reply categorically denied the entry of the judgment pleaded in bar, in her testimony she admitted the entry of this judgment and her signature consenting thereto. She further admitted that she, with her attorneys, went to the office of the clerk of the Superior Court at the time of the entry of the judgment and was there and then paid over the desk of the clerk a sum of money, denying, however, that she received the amount the defendants claim was paid. She further admitted that she appeared at the clerk's office and this judgment was entered shortly after the execution of the second release which the defendants plead in bar. If the court was in error in concluding as a matter of law that this judgment is not a bar then we need not consider any of the other numerous exceptions entered and relied upon by the defendants.

At common law a judgment against the plaintiff was upon a *retraxit, non pros,* nonsuit, *nolle prosequi,* discontinuance or a judgment on an issue found by the jury in favor of the defendant, or upon demurrer. 7 Bacon's Abridgement, 214; *Bond v. McNider,* 25 N. C., 440; *Grimes v. Andrews,* 170 N. C., 515, 87 S. E., 341.

A judgment of discontinuance is one of dismissal of plaintiff's action based on the interruption in proceedings occasioned by the failure of the plaintiff to continue the suit regularly from time to time as he ought. 3 Bl. Comm., 296, Enc. Law Dic., 2nd Ed.

A *nolle prosequi* is an entry made on the record by which the plaintiff declares that he will proceed no further. This type of judgment is now superseded by judgments of voluntary nonsuit.

STEELE *v.* BEATY.

A *non pros* is a judgment entered when the plaintiff at any stage of the proceedings fails to prosecute his action, or any part of it, in due time.   The judgment is entered at the instance of defendant who obtains costs against the plaintiff.   This type of judgment is now in the form of a judgment of involuntary nonsuit.

A *retraxit* is the act by which the plaintiff withdraws his suit.   It differs from a nonsuit—the former being the act of the plaintiff himself, for it cannot even be entered by attorney, and it must be after declaration filed.   Callaghan & Co., Cyc. Law Dic., 2nd Ed.   The one is negative and the other is positive; the nonsuit is a mere default and neglect of the plaintiff, and therefore he is allowed to begin his suit again upon the payment of the costs; but a *retraxit* is an open and voluntary renunciation of his suit in court.   *Bond v. McNider, supra; Grimes v. Andrews, supra;* 3 Bl. Comm., 296; *Thomason v. Odom,* 68 Am. Dec., 159.

Judgment of nonsuit, of *non pros,* of *nolle pros,* of dismissal, are exceptions to the general rule that when the pleadings, the court, and the parties are such as to permit of a trial on the merits, the judgment will be considered as final and conclusive of all matters which could have been so tried.   A dismissal or nonsuit not determining the rights of the parties cannot support the plea of *res judicata.   Grimes v. Andrews, supra.*

A *retraxit,* like a judgment on the merits, is a bar and estops the plaintiff from again proceeding in another suit on the same cause of action.   Enc. Law Dic., 2nd Ed., McIntosh Prac. & Proc., p. 699; 2 Arch Practice, 250; 7 Bacon's Abridgement, 215; *State Medical Examining Board v. Stewart,* 13 Ann. Cases, 653; *Crossman v. Davis,* 79 Calif., 603; *Commonwealth Bank v. Hopkins,* 2 Dana (Ky.), 395; *United States v. Parker,* 120 U. S., 89, 29 L. Ed., 60; *Bond v. McNider, supra; Grimes v. Andrews, supra; Thomason v. Odom, supra;* 9 R. C. L., 192, 202, sec. 17.

A judgment in *retraxit* is usually based upon and follows a settlement out of court.   Where the parties to an action have settled their dispute and agreed to a dismissal such dismissal is a *retraxit* and amounts to a decision upon the merits.   *State Medical Examining Board v. Stewart, supra; Crossman v. Davis, supra; Commonwealth Bank v. Hopkins, supra; United States v. Parker, supra; Meyer v. Fenner,* 204 N. C., 802; *Cason v. Shute,* 211 N. C., 195, 189 S. E., 494. The rule seems to be universal that a judgment of dismissal entered by agreement of the parties pursuant to a compromise and settlement of the controversy is a judgment on the merits barring any other action for the same cause.   34 C. J., 787, 2 Freeman on Judgments (5th Ed.), 1596; *State ex rel. Wilson v. Young,* 81 A. L. R., 114.   The legal effect

of an order dismissing a suit agreed is to bar any other suit between the same parties on the original cause of action thus adjusted by them and merged in the judgment of the court, rendered at their instance, and in consequence of the agreement. *Jarboe v. Smith,* 52 Am. Dec., 541, (Ky.); *Hoover v. Mitchell,* 25 Gratt (Va.), 387. It is virtually an acknowledgment by the plaintiff in open court as in *retraxit* that the plaintiff has no cause of action, or rather no further cause of action. It is not merely an abandonment of his suit by the plaintiff as in a nonsuit; it is the concurrent action of both parties; it is a representation by the plaintiff to the court that the suit has been agreed, which is assented to by the defendant, and thereupon the suit is dismissed agreed by the judgment of the court. *Hoover v. Mitchell, supra; Cason v. Shute, supra.*

If the judgment is in such form as to leave any doubt whether it is a judgment of nonsuit, in *retraxit,* or upon the merits, testimony in respect thereto is admissible. *Justice v. Justice,* 25 N. C., 58; *Massey v. Lemon,* 27 N. C., 557; *Meyer v. Fenner, supra;* 2 Freeman on Judgments, 5th Ed., page 1597.

To hold that a judgment of dismissal by consent is not a bar would deny any effect whatever to the agreement of the parties and would treat the judgment of dismissal merely as a voluntary act of the plaintiff. *Doan v. Bush,* 130 Ark., 566. The legal deduction to be drawn from a judgment dismissing a suit by agreement of the parties is that the parties had by their agreement adjusted the subject matter of the controversy in that suit; and the legal effect of such a judgment is, therefore, that it will operate as a bar to any other suit between the same parties on the identical cause of action then adjusted by them and merged in the judgment therein rendered at their instance and in consequence of their agreement.

"If in the former action plaintiff was sane and capable of consenting to the judgment he is bound by his consent evidenced by his signature and by that of his attorneys. *Cason v. Shute, supra.*" *Gibson v. Gordon,* 213 N. C., 666, 197 S. E., 135.

It appears upon the face of the judgment pleaded by the defendants in bar of plaintiff's present action that it is more than an ordinary judgment of voluntary nonsuit or dismissal. The plaintiff announced in open court before the clerk, who had authority to enter judgment, that she did not care to further prosecute said action and *has agreed that the same may be dismissed.* The judgment further recites that "by consent it is agreed that said action be, and the same is, hereby dismissed." The judgment likewise provided for withdrawal of the summons and complaint from the record. It was consented to in writing

by the plaintiff and her counsel. These recitals in the judgment and the written consent of the plaintiff are not ordinary provisions of a judgment of voluntary nonsuit. They are *indicia* of a judgment in *retraxit* based on an agreement of the parties and indicate a settlement out of court. This view is supported by the uncontradicted testimony in the record that the judgment was signed in consequence of a release theretofore executed by the plaintiff and upon a consideration paid to her at the very time of the entry of the judgment. Even if it be conceded that the judgment upon its face does not clearly indicate a judgment in *retraxit,* we are of the opinion that when considered in the light of the uncontradicted testimony it must be so interpreted, and certainly it is a judgment by consent that the plaintiff shall not further prosecute her action. So long as it remains in full force and effect it is a complete bar to plaintiff's present action.

It can be attacked on the grounds of mental incapacity of the plaintiff only by motion in the cause. *Gibson v. Gordon, supra.*

The motion for judgment as of nonsuit at the conclusion of all of the evidence should have been allowed.

Reversed.

CLARKSON and SCHENCK, JJ., do not concur in the opinion of the Court, and think that the defendants are entitled to only a new trial.