## W. J. YANCEY v. DAISY YANCEY.

(Filed 12 October, 1949.)

**1. Judgments § 33c—**

> Where plaintiff makes it appear to the court that the matters in controversy had been "settled," and thereupon the court adjudges that the plaintiff be nonsuited, *held* the judgment is not a judgment of involuntary nonsuit but a judgment in *retraxit,* and is a determination of the cause on its merits which will bar a subsequent action between the same parties on the identical cause.

**2. Judgments § 25—**

A judgment in *retraxit* was entered in a prior action between the parties. Plaintiff alleged that the judgment was entered in reliance upon the oral promise of defendant to convey to plaintiff a one-half interest in the land in controversy, and that the oral promise was afterwards breached. *Held:* In the absence of allegation of fraud, the complaint is insufficient to constitute the second action a direct proceeding to set aside the prior judgment for intrinsic fraud or other equitable cause collateral to that proceeding, and the prior judgment being *res judicata*, judgment on the pleadings for defendant in the second action was proper.

APPEAL by plaintiff from *Edmundson, Special Judge,* at April Term, 1949, of HARNETT. Affirmed.

*Neill McK. Ross and Dupree & Strickland for plaintiff, appellant.*
*Neill McK. Salmon for defendant, appellee.*

DEVIN, J. Plaintiff and defendant are husband and wife. In the complaint it was alleged that in October, 1937, land was purchased with the joint earnings and savings of both with the agreement that title to the land should be taken in the names of both, but that the defendant, who handled the closing of the negotiations for the purchase of the land, in violation of the agreement, had deed made to herself alone; that upon discovery of this fact in October, 1947, plaintiff instituted suit to establish a resulting trust and to have her decreed trustee for his benefit as to one-half interest in the land; that after filing his complaint in that action, upon the defendant's oral promise to make him a deed for his interest in the land, plaintiff in November, 1947, had judgment entered "that the matters and things in controversy have been settled between the parties," and that therefore it was "adjudged and decreed that plaintiff be nonsuited." The defendant having failed and refused to make the conveyance as promised, the plaintiff in February, 1948, instituted this action for substantially the same cause as that in which the judgment had been entered, that is, to enforce a resulting or constructive trust and to have the defendant declared trustee *ex maleficio* for his benefit as to one-half interest in the land. The dealings between the parties in respect to this land, and the circumstances under which plaintiff alleges the deeds were made, are set out at length in the complaint.

The defendant answered denying the material allegations of the complaint, and setting up the judgment of November, 1947, referred to in the complaint, as an estoppel by judgment, and a bar to plaintiff's action. The court below was of that opinion, and rendered judgment on the pleadings dismissing the action.

The plaintiff has elected to treat the judgment rendered in November, 1947, as merely a voluntary nonsuit, and has within a year brought a

new action for substantially the same equitable cause of action. Based upon this premise, his position is undoubtedly correct that the court would not be warranted in dismissing his present action as *res judicata* without finding adequate facts. *Batson v. Laundry Co.,* 206 N.C. 371, 174 S.E. 90; *Hampton v. Spinning Co.,* 198 N.C. 235, 151 S.E. 266. But we think the judgment was more than a nonsuit, and that on its face and in its legal effect it amounted to a *retraxit. Steele v. Beaty,* 215 N.C. 680, 2 S.E. 2d 854; *Grimes v. Andrews,* 170 N.C. 515, 87 S.E. 341; *Idding v. Hiatt,* 51 N.C. 402. It was a complete withdrawal of plaintiff's suit. The judgment declared that it had been made to appear to the court by the plaintiff that the matters and things in controversy had been "settled," and thereupon it was adjudged that the plaintiff be nonsuited. The word "settle" means "to place in a fixed or permanent condition; to determine" (Webster). And the word being used in connection with litigation must be understood as signifying that the controversy had been adjusted and brought to an end. Nothing else appearing, it indicated a determination on its merits. It constituted formal acknowledgment in open court that the plaintiff had no further cause of action. It was said by *Justice Barnhill,* speaking for the Court in *Steele v. Beaty,* 215 N.C. 680, 2 S.E. 2d 854, "A judgment in *retraxit* is usually based upon and follows a settlement out of court. Where the parties to an action have settled their dispute and agreed to a dismissal such dismissal is a *retraxit* and amounts to a decision upon the merits (citing authorities). The rule seems to be universal that a judgment of dismissal entered by agreement of the parties pursuant to a compromise and settlement of the controversy is a judgment on the merits barring any other action for the same cause." A judgment entered pursuant to and reciting a settlement of the matters in controversy between the parties is generally regarded as a determination of the cause on its merits. 2 A.L.R. (2) 567 (note).

The plaintiff admits that he had the judgment of November, 1947, entered as it appears of record, but that the inducement or consideration therefor was the oral promise of the defendant to convey to him a half interest in the land, and that defendant afterwards failed and refused to do so. He does not allege fraud. He has not attacked the judgment or sought to vacate it. Hence standing upon the docket it is a judgment of *retraxit,* and it bars a new action. Before he can prosecute another action for the same cause he must in some proper way remove this judgment from his pathway. *Moody v. Wike,* 170 N.C. 541, 87 S.E. 350; *Fowler v. Fowler,* 190 N.C. 536, 130 S.E. 315; McIntosh Prac. & Pro. 745. A mere allegation in the new action that the judgment was entered in reliance upon an oral promise which was afterwards breached would not be sufficient to constitute a direct proceeding to set aside the judgment for extrinsic fraud or other equitable cause collateral to the proceeding.

*Horne v. Edwards,* 215 N.C. 622, 3 S.E. 2d 1; *McCoy v. Justice,* 199 N.C. 602, 155 S.E. 452; *U. S. v. Throckmorton,* 98 U.S. 61. Nor would plaintiff's position be strengthened by the fact that the oral promise to convey land, when denied or the statute of frauds pleaded, might be unenforceable and insufficient to constitute valid consideration. *Craig v. Price,* 210 N.C. 739, 188 S.E. 321. The judgment still stands as a voluntary withdrawal of his suit and in effect a *retraxit,* and constitutes a bar to his present action.

The defendant's demurrer on the ground that plaintiff husband could not in any event maintain an action against his wife for the causes set out in his complaint was overruled, and defendant did not appeal. *Carlisle v. Carlisle,* 225 N.C. 462, 35 S.E. 2d 418. Hence the only question presented by plaintiff's appeal is the validity of the judgment on the pleadings.

On the record and for the reasons herein set out, we conclude that the judgment should be

Affirmed.