**STATE of South Dakota, Plaintiff and Appellant,**

v.

**ONE 1969 DODGE CHARGER AUTOMOBILE, WHITE OVER RED, SERIAL NUMBER VIN XP29H96167914, Defendant and Respondent.**

**No. 12158.**

Supreme Court of South Dakota.

July 20, 1978.

Doyle D. Estes, Asst. Atty. Gen., Pierre, for plaintiff and appellant; William J. Janklow, Atty. Gen., Pierre, on brief.

Robert Moore, Rapid City and Homer Kandaras of Kandaras, Mickel and Wagner, Rapid City, for defendant and respondent.

PER CURIAM.

On April 16, 1975, the respondent's automobile was seized under the forfeiture provisions of SDCL 39–17. After a year of procedural maneuvers the parties signed this stipulation:

IT IS HEREBY STIPULATED AND AGREED by and between said parties through the undersigned, respective counsel of record, that Plaintiff's Complaint is hereby dismissed with prejudice, and without notice upon payment by the Defendant of the Plaintiff's costs in this action; to wit, forty dollars and ninety cents ($40.90), a figure reflective of the costs directly incurred by the State of South Dakota in the prosecution of this matter; and that Judgment of Dismissal as hereinafter set forth may be entered by the above Court forthwith, all notice of entry of said judgment and dismissal being hereby waived.

The trial court, on August 30, 1976, signed and filed an order and judgment appended to the stipulation. It reads:

Pursuant to the foregoing Stipulation, and on the basis of all the records and files herein, and good cause appearing thereform [sic],

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Plaintiff's Complaint is hereby dismissed with prejudice upon payment by the Defendant of the Plaintiff's costs in this action; to wit forty dollars and ninety cents ($40.90); and further, no notice of entry of this Judgment of Dismissal need be given to any party or counsel.

Sometime after the parties agreed to the stipulation and after the judgment was signed, the parties determined that the automobile had been placed in a private storage lot during all of the proceedings. The owner of the lot refused to release the car until $1,700 in storage charges were paid. The respondent was granted an order to show cause based on his allegation that the appellant failed to return the automobile after the respondent paid $40.90. After a hearing the court, on January 25, 1977, filed an amended judgment ordering the release of the car and the payment of storage costs and towing fees by the appellant. We reverse.

In urging this court to reverse the trial court's final judgment the appellant claims that the trial court lacked jurisdiction to enter judgment in an action already dismissed with prejudice, that storage expenses are not taxable as costs, and that the State of South Dakota is immune from the assessment of storage expenses. Our reversal, however, is based upon other grounds.

The original judgment in this case dismissed the forfeiture proceeding with prejudice. All of the parties to that proceeding settled and agreed to the provisions of the stipulation dismissing the case. The court did not settle the grounds or the terms of the stipulation; it merely signed the judgment incorporating the stipulation of the parties, thus placing the agreement on the record and giving the consent and sanction of the court. *Karnes v. Black*, 1919, 185 Ky. 410, 215 S.W. 191. As such, the judgment was one by consent of the parties. It was not, strictly speaking, the act of the court. *McArthur v. Thompson*, 1941, 140 Neb. 408, 299 N.W. 519.

Because a consent judgment is considered an act of the parties in the nature of a contract, there are restrictions upon the right to amend the judgment. *McArthur v. Thompson*, supra. The court cannot amend, modify, or correct the judgment except by the consent of all of the parties to it. If the court changes the judgment, it would cease to be the judgment agreed to by the parties. *Karnes v. Black*, supra. The court may, however, set aside a consent judgment on the ground of fraud or mutual mistake since the judgment is a contract. *McArthur v. Thompson*, supra; *First Nat. Bank of Spring Hope v. Mitchell*, 1926, 191 N.C. 190, 131 S.E. 656; *Purinton v. Purinton*, 1918, 41 S.D. 125, 169 N.W. 236.

In the case at hand, the parties did not consent to the amended judgment; the State strongly objected. There was no evidence of fraud. While none of the parties knew of the storage expenses, this fact will not allow reformation of the judgment by the court. " '[I]f, because of mistake as to an antecedent or existing situation, the parties make a written instrument which they might not have made, except for the mistake, the court cannot reform the writing into one which it thinks they would have made, but in fact never agreed to.' Vol. 5, Williston, Contracts, Rev.Ed., § 1549." *Teutsch v. Hvistendahl*, 1947, 72 S.D. 48, 29 N.W.2d 389. The court only had the power to set aside the judgment.

Reversed.