[No. 11835. Department Two. November 17, 1914.]

ANTHONY CONNOR, *Appellant*, v. THE CITY OF SEATTLE
et al., *Respondents.*[1]

MUNICIPAL CORPORATIONS—IMPROVEMENTS—ASSESSMENTS — RIGHT TO ASSESS—WAIVER—PROCEEDINGS—EFFECT OF STIPULATIONS AND JUDGMENT. Where an assessment for the regrade of a street consisted of two elements, (1) the sum the city was required to pay for property taken and for damages to property not taken, and (2) the cost of making the improvement, a property owner cannot contest the right of the city to make an assessment for the cost of making the improvement, where, when the first branch of the case was reached, he entered into a stipulation with the city to the effect that the jury might enter a verdict of one dollar damages for the property taken and damaged (which under the law precluded an assessment for that part of the improvement), but expressly agreeing that the property should be liable for assessment for payment of the actual cost of the improvement; since the stipulated verdict waived only the right to assess for the first element, and the judgment on the. stipulation is a final determination of the city's right to assess for the second element of the costs.

[1]Reported in 144 Pac. 52.

JUDGMENT—SETTING ASIDE—PARTIES ENTITLED—WAIVER OF RIGHT —ACCEPTING BENEFITS. A party, claiming that a judgment was entered upon stipulation by his counsel without authority, cannot seek to have it set aside so far as it militates against him, while still claiming the benefit of the part favorable to him; since judgments founded upon a single consideration must be set aside, if at all, as a whole.

STIPULATIONS—RESCISSION—ESTOPPEL—ACCEPTANCE OF BENEFITS. Where a party accepted the benefits of a judgment entered upon stipulation, without having signed the stipulation, it cannot repudiate it; and hence it cannot be repudiated by the other party for the failure to sign.

Appeal from a judgment of the superior court for King county, Albertson, J., entered March 8, 1913, dismissing an action to cancel a local improvement assessment, tried to the court. Affirmed.

*Wm. Martin* and *Hugh C. Todd,* for appellant.

*James E. Bradford, Wm. B. Allison, Turner & Hartge,* and *Preston & Thorgrimson,* for respondents.

FULLERTON, J.—On December 18, 1905, the city of Seattle, by an ordinance approved on that day, provided for a change in the grades of Jackson street therein, and certain other named streets abutting upon and adjacent thereto. The ordinance established new grades on the several streets, and directed the corporation counsel of the city to institute the necessary proceedings to condemn the property required to be taken and damaged thereby, and to ascertain the just compensation required to be paid to the owners of such property. The appellant, Anthony Connor, owned property affected by the proceeding and was made a party thereto, being personally served with summons therein. He appeared in the proceedings by counsel, and when that branch of the case was called for hearing which affected his property, his attorneys, acting on his behalf, entered into the following stipulation with the city:

"It is hereby stipulated and agreed by and between the city of Seattle and the undersigned property owner that a

verdict shall be entered in said cause in the sum of one dollar in favor of the respondent Anthony Connor as damages to [the property owned by the appellant] by reason of the changing of grades and the regrading of Jackson street and other streets as provided by ordinance No. 13,102; it being expressly agreed between the parties hereto that the entry of said verdict shall not, in any manner, waive the right of the city to assess said property for the cost of said improvement; and the said owner hereby expressly agrees that said property shall be liable to assessment by the city council for the payment of the actual improvement of said street under ordinance No. 13,309 of said city."

Pursuant to the agreement, the jury returned a verdict for the appellant in the sum of one dollar, and a judgment of condemnation was entered on the verdict, awarding him the stipulated sum as damages, and embodying the stipulations contained in the agreement. Thereafter the city improved the streets in accordance with the ordinances in the agreement mentioned, and thereafter levied an assessment upon the appellant's property to pay the costs incurred in doing the actual work required by the improvement, in the sum of $755.54.

The present action was instituted by the appellant in December, 1911, to cancel and set aside the assessment, on the ground that it was levied without authority of law and is void. Issue was taken on the complaint and a trial was had, which resulted in a dismissal of the action.

It is the contention of the appellant that all local and special benefits to his property were offset against the damages recovered in the condemnation proceedings, and, hence, an assessment against the damaged property for the cost of the improvement is wholly unauthorized and void, and may be set aside at any time at his suit as a cloud upon his title. Undoubtedly, had the appellant tried out the issue of benefits and damages in the condemnation proceeding, and had recovered therein a sum in damages over and above all benefits that could lawfully be charged against him, the city

could not afterwards, under the doctrine of the case of *Schuchard v. Seattle*, 51 Wash. 41, 97 Pac. 1106, have assessed his property to pay any part of the cost of the improvement, and the same result would follow had it been agreed between the city and himself that his property was damaged by the contemplated improvement in some definite sum, over and above all benefits, and a judgment had been entered in his favor for that sum. But the record here presents neither of these aspects. While the record is not as clear on the matter as we could wish to have found it, we gather therefrom that the cost of the improvement was composed of two elements; first, the sum the city was required to pay in damages for the property taken and damaged by the improvement, and second, the sum it was compelled to pay as the cost of the actual work of making the improvement. As we understand the stipulation, the appellant was willing, in consideration of the sum of one dollar and a waiver of the liability to have his property assessed to pay the first element of cost, to submit to an assessment on the property for the payment of the second element. This unquestionably is the effect of the stipulation as it was embodied in the judgment. And this being so, it is clear that the assessment cannot be set aside in this form of proceeding. The judgment is a barrier behind which he cannot go; it is the final determination of his rights in the matter. True, he might, at the proper time and place, have questioned the amount of the assessment, but his right to question the power of the city to make the assessment was foreclosed against him by the judgment.

In the court below the appellant offered evidence tending to show that the stipulation on which the judgment was founded was entered into by his counsel without his knowledge or consent and without his authority, and he contends in this court that he is entitled to have the assessment set aside for that reason. But there are a number of reasons why this contention cannot prevail, one of which only we

shall notice. To allow the appellant now to set aside the assessment, without granting relief in some form to the city, would be to give him the benefit of the judgment in so far as it operates in his favor, and to relieve him from its operation in so far as it militates against him. But judgments which are entered with jurisdiction and founded upon a single consideration operate as a whole. They must be set aside, if set aside at all, as a whole. A party cannot claim the benefit of that part of such a judgment which is in his favor and repudiate it as to the remainder. But this is what the appellant is seeking to do. In order to avoid the assessment he must necessarily rely on that part of the judgment awarding him damages, as that is the foundation of his claim of relief from liability. This part he seeks to maintain, while repudiating that part which is inimical to his claims. This he may not do. To avoid the judgment, he must attack it in a direct proceeding brought for that purpose, when the court may give to the other party the relief the merits of the case warrant. Such relief cannot be granted in a collateral proceeding of this character. *Michaelson v. Seattle,* 63 Wash. 230, 115 Pac. 167.

Finally, it is said that the judgment is void because founded on a stipulation not signed by the city. Our answer to the last objection is a sufficient answer to this, but we may say, in addition thereto, that the city accepted the stipulation as binding upon it and acted thereon. After so doing it could not be heard to repudiate it, and, of course, if it cannot repudiate it, the other party cannot do so for it.

The judgment is affirmed.

CROW, C. J., MOUNT, PARKER, and MORRIS, JJ., concur.