481 F.2d 662
 83 L.R.R.M. (BNA) 3119
 FLORIDA EDUCATION ASSOCIATION, INC., et al., Plaintiffs,
Hilda Flowers, Plaintiff-Appellee,
v.
Wilson C. ATKINSON et al., Defendants,
School Board of Broward County, Florida, formerly known as
the Broward County Board of Public Instruction,
Defendant-Appellant.
 No. 72-2976.
 United States Court of Appeals,
Fifth Circuit.
 July 16, 1973.
 
 Edward Marko, Fort Lauderdale, Fla., for defendant-appellant.
 Richard H. Frank, Tampa, Fla., for Florida Education Ass'n, Inc. and others.
 J. Leonard Fleet, Jerome M. Rosenblum, Hollywood, Fla., for Hilda Flowers.
 Before GOLDBERG, CLARK, and RONEY, Circuit Judges.
 PER CURIAM:
 
 
 1
 In February 1968, Florida teachers struck the state's public school systems. After the strike the school board of Broward County refused to reinstate seventy-four teachers. The "Broward 74" brought a class action against the School Board to compel reinstatement with back pay for the period of the strike and lockout. This suit was settled by a stipulation entered into between the Board and the class action plaintiffs which was approved by the district court pursuant to F.R.Civ.P. 23(e) on June 28, 1971. The settlement provides that the School Board "unconditionally offers each and every member of the 'Broward 74' reemployment to the same or substantially equivalent employment status each member occupied on the day prior to the state-wide teacher walkout." The settlement further provides that each teacher accepting the offer of reemployment "shall be granted all intervening pay step increases . . ." For their part of the settlement, the members of the class agreed to dismiss with prejudice any other claims against the School Board.
 
 
 2
 Pursuant to the settlement, Ms. Hilda Flowers, one of the "Broward 74," applied for reinstatement. Her request was rejected by the School Board on the ground that she had reached her seventieth birthday between the date of strike and date of settlement and therefore under Florida law could not obtain a current teaching certificate required for employment in the public schools. Fla. Stat. Sec. 231.02 and Sec. 231.14, F.S.A. Ms. Flowers then brought the present action to compel the Board to reinstate her as a teacher in accordance with the settlement or in the alternative, to grant her increased retirement benefits as if she had been continuously employed from February 1968 to the date of her seventieth birthday.
 
 
 3
 The court, without oral argument and without making specific findings relevant to Ms. Flowers' motion, denied her request for reinstatement as a teacher but granted the alternative relief of augmented retirement benefits to be paid retroactively from the date of her seventieth birthday.
 
 
 4
 The School Board appeals. The present record is inadequate to evaluate the merits of the contentions made on appeal. Therefore, without intimating any ruling on such merits, we remand with directions to the district court to make specific findings regarding the proper construction of the settlement agreement as applied to retirement benefits. These findings should be based upon the well-settled rule that the construction and enforcement of settlement agreements are governed by principles of local law applicable to contracts generally. See e. g., Plymouth Mutual Life Ins. Co. v. Illinois Mid-Continent Life Ins. Co., 378 F.2d 389 (3rd Cir. 1967); Homestake-Sapin Partners v. united States, 375 F.2d 507, 511 (10th Cir. 1967); Cf. Mass. Casualty Ins. Co. v. Forman, 469 F.2d 259, 261 (5th Cir. 1972). A court may not add terms to a settlement which were not in the contemplation of the parties. Southwest E&T Suppliers, Inc. v. American Enka Corp., 463 F.2d 1165, 1166 (5th Cir. 1972).
 
 
 5
 There are three primary issues which must be clarified by specific findings. First, the court shall set out the basis for its determination to award Ms. Flowers increased retirement benefits, in lieu of reinstatement. The stipulation, which purports to settle all claims of the "Broward 74," guarantees unconditional reinstatement with pay step increases to all members of the class. On the other hand, it makes no express provision for payment of increased retirement benefits to teachers such as Ms. Flowers who may have become disqualified for reemployment by age during the interim. The manner in which the court resolves this conflict must be made explicit.
 
 
 6
 Second, if the further proceedings required by our first step confirm the district court's original determination that Ms. Flowers is entitled to increased retirement benefits under the settlement, the court must clarify its order by specifying whether "higher retirement benefits" due to Ms. Flowers include (a) those attributable to increases in the general level of retirement payment implemented by legislative or administrative action prior to the date of her seventieth birthday and/or (b) those attributable to the additional seniority which Ms. Flowers would have accrued had she remained continuously employed until that date. The court should also determine whether, under the terms of the settlement, Ms. Flowers incurred an obligation by accepting the stipulation to make a contribution to the state retirement fund equal in amount to that which would have been withheld from her salary by her employer during the period between the date of the strike and her retirement. See Fla.Stat. Sec. 238.09, F.S.A.
 
 
 7
 Third, assuming the court adheres to its retirement benefits award to Ms. Flowers, the potential rights of other class members must be adjudicated. It has become apparent on appeal that there is substantial disagreement among the parties as to whether the increased retirement benefits awarded to Ms. Flowers are applicable to other members of the "Broward 74" who accepted reinstatement. While the determination of the proper seniority basis for retirement payments is an immediate problem only in her case, upon eventual retirement each reinstated teacher may claim benefits based on seniority which would have been accrued between the beginning of the strike in Feburary 1968 and the settlement in June 1971. In the interest of uniform adjudication of future class action claims for augmented retirement benefits, the court must rule on this matter. The district court should give proper notice to the plaintiff class in the underlying litigation, and may hold any additional hearings which it may determine are necessary to enable it to make specific findings as to the applicability of its interpretation of the settlement agreement to Ms. Flowers and all other teachers accepting reinstatement with the Broward County School System.
 
 
 8
 Remanded with direction.