**Anne MATHES and Harry Lewis, Plaintiffs,**

v.

**A. Addison ROBERTS et al., Defendants.**

**No. 68 Civ. 3227.**

United States District Court,
S. D. New York.

March 7, 1980.

Wolf, Popper, Ross, Wolf & Jones, New York City, for plaintiffs; Donald N. Ruby, Marian Probst, New York City, of counsel.

Wilkie, Farr & Gallagher, New York City, for defendant Reliance Group, Inc.; Anthony F. Phillips, Philippe Salomon, New York City, of counsel.

Olwine, Connelly, Chase, O'Donnell & Weyher, New York City, for defendant Reliance Ins. Co.; Joseph M. Burke, James E. Tolan, New York City, of counsel.

## OPINION

ROBERT J. WARD, District Judge.

This derivative action was commenced on August 8, 1968 by plaintiffs, Anne Mathes and Harry Lewis, as joint holders of shares of common stock of Reliance Insurance Company ("Reliance Insurance"), on behalf of Reliance. Insurance and its common stockholders, against Reliance Group, Incorporated ("Reliance Group"), formerly Leasco Data Processing Equipment Corporation, A. Addison Roberts (Reliance Group's President), Carter Berlind & Weill ("Carter"), Edward Netter (Carter's Vice President), and certain present and former directors and officers of Reliance Insurance. The action was brought pursuant to sections 9 and 10(b) of the Securities Exchange Act of 1934 ("the Act"), 15 U.S.C. §§ 78i and 78j(b), Rule 10b–5 promulgated thereunder, 17 C.F.R. § 240.10b–5, and the common law.

The parties seek an order pursuant to Rule 23.1, Fed.R.Civ.P., entering judgment:

(a) approving an Amended Stipulation of Settlement dated August 17, 1979 as fair, reasonable and adequate and directing consummation of the settlement in accordance with its terms and provisions;

(b) dismissing the action on the merits without costs, with prejudice as against plaintiffs, Reliance Insurance and all its stockholders;

**712**

(c) permanently barring and enjoining the institution and prosecution by Reliance Insurance and its stockholders of any claims which have been or might have been asserted in the complaint, arising from or relating to the matters alleged in the complaint;

(d) retaining jurisdiction over all matters, relating to the administration and consummation of the amended settlement for the purpose of passing upon an application of plaintiffs' attorneys for an allowance of counsel fees and reimbursement of expenses.

For the reasons hereinafter stated, the Court approves the proposed amended settlement as fair, reasonable and adequate.

The complaint alleged a plan by Reliance Group, Carter, Netter and "co-conspirators" to cause the directors of Reliance Insurance to breach their fiduciary duties to Reliance Insurance and its common stockholders, and to manipulate and drive up the price of Reliance Insurance stock. The purpose of this alleged plan was to increase the trading activity in Reliance Insurance so as (a) to obtain Reliance Insurance stock for the account of Reliance Group; (b) to enable Reliance Group to obtain control of Reliance Insurance and its assets for Reliance Group's own benefit at an unfair price; (c) to deprive the common stockholders of their continued participation in the earnings and assets of Reliance Insurance; and (d) to enable Reliance Group to use Reliance Insurance's assets in order to finance its acquisition and to manage and appropriate Reliance Insurance's assets for its own benefit. A further objective of this alleged scheme was to make substantial profits for defendants and the co-conspirators to the detriment of the reputation and business interests of Reliance Insurance and its common stockholders.

Plaintiffs sought, on behalf of Reliance Insurance and its shareholders, injunctive relief and damages. All of the defendants who were served and appeared filed answers denying all allegations of wrongdoing charged against them. Reliance Insurance appeared and filed an answer generally alleging a neutral position as nominal defendant on whose behalf the action was brought.

On November 4, 1968 all the defendants except Reliance Group moved to dismiss the complaint on the grounds that it failed to state a claim for relief and that the Court lacked jurisdiction over the common law claims. After considering the merits of defendants' motions, plaintiffs submitted no opposition. Accordingly, on April 10, 1969, the Court dismissed the complaint as to all defendants except Reliance Insurance and Reliance Group.

Plaintiffs subsequently conducted extensive discovery in connection with their claims against the remaining defendants. Among the numerous items examined by plaintiffs' counsel were transcripts and documents that had been marked as trial exhibits in *Feit v. Leasco Data Processing Equipment Corp.*, 332 F.Supp. 544 (E.D.N.Y.1971), an action which also arose out of the tender offer by Reliance Group for Reliance Insurance stock at issue here, and testimony given at hearings before the House Antitrust Subcommittee, held on October 15, 16, 22 and 23, 1969, which had involved related matters.

Following the completion of discovery, the parties engaged in lengthy settlement negotiations. During the course of these discussions the parties reached an "agreement in principle" for settlement of the action. The agreement involved the possible acquisition by Reliance Insurance of the shares owned by the minority stockholders [1] pursuant to certain legislation which was under consideration by the Pennsylvania State Legislature.[2] Pending further developments with respect to this legislation, the action was placed on the Court's suspense calendar on March 12, 1975.

---

1. By 1969, Reliance Group had acquired 97% of the stock of Reliance Insurance. The remaining 3% of the shares was held by public minority shareholders.

2. Senate Bill No. 621 of the 1973 Sessions Laws of Pennsylvania's General Assembly, subsequently enacted and codified as, section 459.5 of the Pennsylvania Insurance Laws, Pa.Stat. Ann. tit. 40 § 459.5 (Purdon 1974).

After the legislation had been enacted by the Pennsylvania State Legislature, the defendants indicated that in light of changes in Reliance Group's financial position and in general economic and market conditions, a settlement of the action involving the acquisition of the minority shares pursuant to this legislation was no longer desirable.

Renewed settlement negotiations were conducted after the action was returned to the Court's active calendar. On May 8, 1979 a Stipulation of Settlement, dated May 4, 1979, was filed with the Court. The stipulation provided *inter alia*, for an offer to be made by Reliance Group (or a subsidiary or affiliate of Reliance Group other than Reliance Insurance) to acquire any and all shares of Reliance Insurance common stock tendered to Reliance Group by the public minority shareholders of Reliance Insurance at a price of $11.50 per share (the "prior settlement"). Notice of the proposed settlement and of a settlement hearing was sent to all present shareholders of Reliance Insurance. Four minority shareholders, William H. Marx, Karl H. P. Swensson, David E. Gannett, and Moritz Milburn either filed written objections to the proposed settlement or appeared as objectants at hearings held on June 8 and August 17, 1979. The shareholders' principal objections were that the price to be offered to the minority shareholders in view of the present market value of Reliance Insurance common stock was unfairly low and that the proposed settlement was at variance with the agreement in principle which was previously discussed by the parties.

Following the June 8, 1979 hearing the parties conducted further negotiations in an apparent attempt to eliminate the problems posed by the prior settlement. On August 20, 1979, the Amended Stipulation of Settlement presently under consideration was filed; a further hearing upon the amended proposal was scheduled for November 9, 1979.

Under the terms of the Amended Stipulation of Settlement Reliance Group agrees, following the effective date of the settlement, to forego the first $200,000 in dividends which would otherwise be payable by Reliance Insurance to Reliance Group through a wholly-owned subsidiary of Reliance Group and to allow this sum to be retained by Reliance Insurance as a capital contribution by Reliance Group to Reliance Insurance. The Amended Stipulation of Settlement further provides that all expenses in connection with the settlement, including the cost of notice, will be borne by Reliance Group, and that Reliance Group will pay the fees and expenses awarded by the Court to plaintiffs' attorneys, up to the amount of $50,000. Two minority shareholders, William H. Marx and David E. Gannett, who filed objections to the prior settlement, have also filed objections to the proposed amended settlement.[3]

Before approving the settlement of a derivative action, the Court must be satisfied that the compromise "fairly and adequately serves the interests of the corporation on whose behalf the derivative action was instituted." *Republic National Life Ins. Co. v. Beasley*, 73 F.R.D. 658, 667 (S.D.N.Y.1977); *accord, Milstein v. Werner*, 57 F.R.D. 515, 525 (S.D.N.Y.1972); *Zerkle v. Cleveland-Cliffs Iron Company*, 52 F.R.D. 151, 159 (S.D.N.Y.1971). The role of the Court, however, is "limited to the extent that its business judgment is not to be substituted for that of the parties who worked out the settlement[;] . . . the only question . . . is whether the settlement, taken as a whole, is so unfair on its face as to preclude judicial approval." *Republic National Life Ins. Co. v. Beasley, supra; Glicken v. Bradford*, 35 F.R.D. 144, 151 (S.D.N.Y.1964); *Trainor v. Berner*, 334 F.Supp. 1143, 1149 (S.D.N.Y.1971). Moreover, because shareholder derivative actions are "notoriously difficult and unpredictable, . . . settlements are favored." *Schimmel v. Goldman*, 57 F.R.D. 481, 487 (S.D.N.

---

**3.** Karl H. P. Swensson who filed objections to the prior settlement did not interpose any formal objection to the amended settlement.

Y.1973); *accord, Republic National Life Ins. Co. v. Beasley, supra.*

■ The principal factor this Court must consider in determining whether to approve the settlement before it is "the strength of the case for plaintiffs on the merits, balanced against the amount offered in settlement." *City of Detroit v. Grinnell Corp.,* 495 F.2d 448, 455 (2d Cir. 1974), *quoting West Virginia v. Chas. Pfizer & Co.,* 440 F.2d 1079, 1085 (2d Cir.), *cert. denied,* 404 U.S. 871, 92 S.Ct. 81, 30 L.Ed.2d 115 (1971); *accord, Rosenfeld v. Black,* 336 F.Supp. 84, 87 (S.D.N.Y.1972).

■ Turning first to the amount offered in settlement, the Court finds that Reliance Insurance will be substantially benefited by the proposed amended settlement. Among the obvious benefits are: (1) the retention of $200,000 which Reliance Insurance would otherwise have to pay Reliance Group in dividends; (2) the payment by Reliance Group of all expenses incurred in consummating the settlement, including the cost of notice; (3) the payment by Reliance Group of all fees and expenses awarded by the Court to plaintiffs' attorneys, up to the amount of $50,000; and (4) the termination of this litigation, obviating the expenditure of any future time and expense in connection with this action.

After weighing plaintiffs' very slight chances for success on the merits[4] against the benefits of settlement, the Court has determined that the amended settlement fairly and adequately serves the interests of Reliance Insurance and should be approved.

Plaintiffs, for example, would have considerable difficulty in prevailing upon their principal claims under sections 9 and 10(b) of the Act and Rule 10b–5. The civil remedy provided for in section 9 is expressly limited to "any person who shall purchase or sell any security" in a transaction affected by a violation of the provision. Similarly, it is well-established by case law that only purchasers or sellers may recover damages under section 10 and Rule 10b–5. *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975). Although under the doctrine of *Vine v. Beneficial Finance Co.,* 374 F.2d 627 (2d Cir.) *cert. denied,* 389 U.S. 970, 88 S.Ct. 463, 19 L.Ed.2d 460 (1967), a merger of Reliance Insurance and Reliance Group might serve to establish plaintiffs' standing to seek redress as "forced sellers", plaintiffs never tendered their shares of Reliance Insurance to Reliance Group and therefore became neither purchasers nor sellers in the transaction being challenged.

In any event, even if plaintiffs were able to establish that they were purchasers or sellers, it is questionable whether they would be able to prove their allegations of conspiracy to defraud or breach of fiduciary duty by Reliance Insurance's officers and directors. As the straightforward and detailed analysis contained in plaintiffs' submissions filed in support of the amended settlement convincingly demonstrates, most if not all of the complaint's specific contentions were contradicted by testimony elicited during the hearings before the House Antitrust Subcommittee.

■ In summary, on the basis of its review of all of plaintiffs' claims and of the evidence available for the trial of these claims, the Court concludes that the benefits to Reliance Insurance and its minority shareholders presented in the proposed settlement far outweigh plaintiffs' likelihood of success on the merits, and that the settlement should therefore be approved.[5]

■ The objections raised by minority shareholders, William H. Marx and David

---

4. In reviewing a settlement, a court must not attempt to try the disputed issues. *Stull v. Baker,* 410 F.Supp. 1326, 1333 (S.D.N.Y.1976), *quoting Schleiff v. Chesapeake & Ohio Ry. Co.,* 43 F.R.D. 175, 178–79 (S.D.N.Y.1967); *West Virginia v. Chas. Pfizer & Co.,* 314 F.Supp. 710, 741 (S.D.N.Y.1970). It must, however, form an educated opinion as to the merits of the plaintiffs' claims. *Newman v. Stein,* 464 F.2d 689,

692 (2d Cir.), *cert. denied,* 409 U.S. 1039, 93 S.Ct. 521, 34 L.Ed.2d 488 (1972).

5. The Court has also considered and given weight to the fact that the parties and their attorneys, after conducting extensive discovery and arms-length negotiations, vigorously support the proposed amended settlement. *Stull v. Baker, supra; Zerkle v. Cleveland-Cliffs Iron*

E. Gannett to the proposed amended settlement provide no basis for this Court to reach a different conclusion. The principal argument[6] of the objectants appears to be that insofar as the Amended Stipulation of Settlement varies from prior representations made by the parties with respect to possible avenues for settlement it should not be approved. This argument is irrelevant to the sole issue presented by the parties' application: whether the proposed settlement taken as a whole, is fair, reasonable and adequate when measured against the likelihood of plaintiffs' success on the merits. As the Court observed at the hearing held on August 17, 1979, while the objectants may have preferred a different resolution, such a preference is neither a ground for rejecting the instant proposal as unfair and inequitable nor is it evidence of the inappropriateness of the benefits to be accorded to plaintiffs and Reliance Insurance in light of the merits of the case.

Accordingly, the Court concludes that the proposed Amended Stipulation of Settlement, dated August 17, 1979 is fair, reasonable and adequate and should be approved.

Settle order on notice.

---

Company, supra; *West Virginia v. Chas. Pfizer & Co., supra*, 314 F.Supp. at 741, 744.

**6.** Objectant Marks also attacks the amount of the present proposed settlement on the ground that, insofar as the minority shareholders hold only 3% of Reliance Insurance's stock, the settlement only provides the minority shareholders with a maximum benefit of $6,000 (*viz.* 3% of the retained-dividends sum of $200,000). This argument, however, fails to consider the full extent of the settlement value. In this derivative action the corporate entity, Reliance Insurance, will receive the direct total benefit of $200,000. Moreover, under the settlement terms Reliance Group, and not Reliance Insurance must bear the substantial costs related to this settlement and the fees to be awarded to plaintiffs' counsel by the Court, up to a maximum of $50,000. In any event, in evaluating a proposed settlement, a Court is not to compare its terms with a hypothetical or speculative measure of a recovery that might be obtained by prosecution of the case to a successful conclusion. *Republic National Life Ins. Co. v. Beasley, supra*, 73 F.R.D. at 668; *Stull v. Baker, supra*, 410 F.Supp. at 1332.

[T]he determination of what amount of money constitutes a fair settlement is not a matter of mathematical science. On the one hand perhaps plaintiff's counsel have obtained more . . . than a jury would award; on the other hand, it may be less. The court is in no position to substitute its judgment for that of honest and competent attorneys, who . . . have made a determination that the settlement represents a fair and realistic appraisal of their clients' chances of ultimate success. *Siegel v. Realty Equities Corp.*, [1973] CCH Fed.Sec.L.Rep. ¶ 94,102 at 94,446 (S.D.N.Y.1973).

Neither objectant disputes the parties' assertion that plaintiffs' chances for success on the merits are not good.