438 So.2d 179 (1983)
Irving LEVENSON, Mather C. Ward, As Personal Representative of the Estate of R.C. Ward, M. Sibley, Individually and As Stockholders of American Laser Corporation, a Florida Corporation, Appellants,
v.
AMERICAN LASER CORPORATION, a Florida Corporation, and William H. McMahan, Mendell M. Selig, Eugene Cohen, Robert H. Still and Mark T. Griffin, Appellees.
Nos. 82-2560, 82-2573.
District Court of Appeal of Florida, Second District.
September 23, 1983.
*180 Marion E. Sibley of Sibley, Giblin, Levenson & Glaser, Miami, and J. Hardin Peterson, Jr. of Peterson, Myers, Craig, Crews, Brandon & Mann, P.A., Lakeland, for appellants.
William S. Dufoe of Holland & Knight, Bartow, for appellee American Laser Corp.
J.P. Carolan, III of Winderweedle, Haines, Ward & Woodman, P.A., Winter Park, for appellees McMahan, Cohen, Still and Griffin.
No brief filed by appellee Selig.
Christine Rieger Milton of Mahoney, Hadlow & Adams, Jacksonville, for Peterson, Smith, Thompson, Willis & Veenstra, objecting stockholders.
RYDER, Judge.
Appellants, plaintiffs below, appeal from an order of the trial court disapproving that portion of a consent final judgment which distributed 25,000 shares of stock to appellants as attorney's fees for the institution and prosecution of this action against appellees. The trial court ordered that the appellants be awarded a cash fee of $50,000.00 instead of the stock and approved the consent judgment in all other respects. We find that this was an abuse of discretion by the trial court and reverse.
In July 1981, appellants filed a complaint against appellee American Laser Corporation (ALC) and appellee William H. McMahan. An amended complaint was subsequently filed naming the other appellees as codefendants. Appellants alleged that they sued on their own behalf, on behalf of all other similarly situated stockholders of ALC, and for the benefit of ALC. The complaint was not, however, filed as a class action. Appellants alleged that: there had been illegal and fraudulent activity by appellees; no annual meeting of stockholders had been called or held; there were no lawful directors of ALC; funds were misappropriated; stocks were improperly issued; and appellee McMahan had failed to transfer certain patents to the corporation.
In June and July 1982, the parties stipulated to the terms and entry of a consent final judgment. The provisions pertinent to this appeal are:
2... .
The individually named plaintiffs shall receive the following designated number of shares from the treasury of the corporation as full and complete compensation to them as attorney's fees for the institution and successful prosecution of this litigation:

 Irving B. Levenson 8,000 shares
 Robert C. Ward 8,000 shares
 Marion E. Sibley 9,000 shares

.....
8. That the court directs and requires that American Laser Corporation shall, within 15 days from the date of the entry of this judgment, furnish by mail a true and correct copy of this Consent Final Judgment to each, every and all of the stockholders, and to file herein a Certificate of Service evidencing the accomplishment thereof. That each, every and all of the stockholders of American Laser Corporation within 30 days from the date of American Laser Corporation's certificate of service, as hereinabove provided, shall file in this cause and serve upon counsel for the parties, whose names and *181 addresses appear below, such objection or objections, as they or any one of them may deem appropriate. If no such objections are filed within the aforesaid 30-day period then this Consent Final Judgment shall be deemed automatically to have become final. In the event any such objections are filed then this Judgment shall not become final until after the disposition of any such objections which shall be duly noticed and heard by the Court.
Judge Greene accepted the consent judgment pending notice to the stockholders and disposition of any objections which might be filed.
Several stockholders of ALC jointly filed objections to the provision of the proposed consent final judgment which awarded 25,000 shares of stock to appellant's as attorney's fees. The objecting stockholders alleged that: the award would double appellants' stock ownership; appellants were representing their own interest and no benefit accrued to ALC or its shareholders; there was neither a contract nor statutory authority for the award of attorney's fees; no proof of services or value of services performed had been presented; the attorney's fees proposed to be awarded in the consent judgment was unreasonable; and the interests of all other shareholders would be diluted while appellants' ownership position would be doubled. There was no objection to any other provision of the consent judgment. The objecting stockholders also filed a motion for entry of partial consent final judgment as to those provisions of the proposed consent judgment to which they did not object.
Following a hearing on the motion for entry of partial consent final judgment, Judge Bentley entered an order which determined that the court "has the power to hear and dispose of the objections to the award of attorney's fees ... and, if warranted, to modify the portion of the Judgment pertaining to that award without destroying the remaining provisions of the Judgment." The trial judge based his conclusion on "the court's inherent power to protect the interests of stockholders who were not signatories to the Judgment, but also upon the language of paragraph 8 of the Judgment itself" which authorizes the court to hear and dispose of objections filed by stockholders. The court also recognized the general rule "that consent judgments ordinarily cannot be modified over the objection of one of the parties." The court held that the general rule did not apply under the circumstances of this case. The court then ordered that a hearing be held for the presentation of evidence and argument on the issues raised by the objections to the proposed consent judgment.
Following the hearing on the objections, Judge Bentley entered an order finding that: Appellants were attempting to act in the interest of ALC stockholders, as well as their own interest; the corporation was both benefited and harmed by the lawsuit; the amount of appellants' actual work was nominal, although they exhibited considerable skill; ALC stock "is not susceptible to any realistic evaluation"; and the award to appellants of stock as attorney's fees "would substantially alter the ownership positions in the corporation with consequences that are not easily foreseen... ." The court considered the factors enumerated in the Code of Professional Responsibility together with affidavits offering opinions as to a fee. The court found that a reasonable cash fee would be $50,000.00. The court then:
ORDERED and ADJUDGED that the provisions of the consent judgment authorizing a fee payable in stock be and the same are hereby disapproved. It is further ordered and adjudged that in lieu of the provisions of the consent judgment, the plaintiffs/attorneys shall receive a cash fee of $50,000.00.
Appellants timely filed a notice of appeal of nonfinal order and a notice of appeal treating the trial court's order as final. This court ordered consolidation of the appeals and treatment as an appeal from a final order.
While there is support in the record for the factual findings made by the trial *182 court, we are nevertheless constrained to hold that the court erred in approving part of the proposed consent judgment while disapproving and modifying another part of that same proposed consent judgment.
Section 607.147(2) and (5), Florida Statutes (1981) provides:
607.147 Shareholders' derivative actions; security for expenses.  In any action commenced or maintained by a shareholder of any domestic or foreign corporation to produce a judgment in its favor:
... .
(2) No such action shall be discontinued, compromised, or settled without the approval of the court having jurisdiction of the action. Such court in its discretion, if it shall determine that the interests of the shareholders of such corporation may be substantially affected thereby, may direct that notice, by publication or otherwise, of such proposed discontinuance, compromise, or settlement be given to such shareholders. Shareholders objecting to such settlement must, within a time allowed by the court, show cause why the settlement should not be accepted and approved by the court as fair and reasonable. The court may determine which one or more of the parties to the action shall bear the expense of giving notice in such amount as the court shall determine and find to be reasonable in the circumstances, and the amount of such expense shall be awarded as special costs of the action and recoverable in the same manner as statutory taxable costs.
... .
(5) If the action on behalf of the corporation is successful, in whole or in part, or if anything is received by the plaintiff or plaintiffs as the result of a judgment, compromise, or settlement, the court may award the plaintiff or plaintiffs the reasonable expenses of maintaining the action, including reasonable attorney's fees, and direct him or them to account to the corporation for the remainder of the proceeds so received by him or them. This subsection shall not apply to any judgment rendered for the benefit of injured shareholders only and limited to a recovery of the loss or damage sustained by them.
This portion of the statute allows settlement of the action provided that the court with jurisdiction approves such a settlement. Objections to the settlement must show why the settlement should not be accepted and approved by the court as fair and reasonable. A reasonable award of attorney's fees may be awarded to the plaintiffs by the court.
We read the statute as authorizing the circuit court to approve or reject the settlement proposal, but not to modify or rewrite the proposal. While the court may award reasonable attorney's fees to the party plaintiffs, if the parties agree to a particular award of attorney's fees in the settlement agreement, the trial court may only approve or disapprove the entire agreement including the negotiated attorney's fees. Furthermore, objections raised by nonparty shareholders are to be considered by the trial court: The court is to determine whether the objections are such that the entire proposed settlement should be rejected as unfair and unreasonable, or approved as fair and reasonable.
An alternative ground, separate from section 607.147, Florida Statutes (1981), requires the same disposition of this appeal. Settlement agreements are favored by the courts as they are a means of resolving disputes without the necessity of a full trial, provided that the settlement is entered into fairly and in good faith by competent parties. Columbus Hotel Corp. v. Hotel Management Co., 116 Fla. 464, 156 So. 893 (Fla. 1934); Lotspeich Co. v. Neogard Corp., 416 So.2d 1163 (Fla. 3d DCA 1982); State Department of Transportation v. Plunske, 267 So.2d 337 (Fla. 4th DCA 1972).
While a decree entered upon a consent agreement is a judicial act, System Federation No. 91 v. Wright, 364 U.S. 642, 81 S.Ct. 368, 5 L.Ed.2d 349 (1961), the consent agreement itself may be construed utilizing principles of law which are applicable *183 to contracts generally. Florida Education Association Inc. v. Atkinson, 481 F.2d 662 (5th Cir.1973); Guthrie v. Guthrie, 233 Miss. 550, 102 So.2d 381 (1958); McArthur v. Thompson, 140 Neb. 408, 299 N.W. 519 (1941); First National Bank of Spring Hope v. Mitchell, 191 N.C. 190, 131 S.E. 656 (1926); Greeson v. Greeson, 208 Okla. 457, 257 P.2d 276 (1953); Bank v. Scribner, 212 Tenn. 400, 370 S.W.2d 482 (1963); Wagner v. Warnasch, 156 Tex. 334, 295 S.W.2d 890 (1956); Washington Asphalt Co. v. Harold Kaeser Co., 51 Wash.2d 89, 316 P.2d 126 (Wash. 1957).
A court may not rewrite an agreement entered into by the parties. The court must either approve or reject the agreement in its entirety. While the court may make suggestions for modification of a proposed decree, the court may not unilaterally modify the consent agreement. Pettway v. American Cast Iron Pipe Co., 576 F.2d 1157 (5th Cir.1978), cert. denied, 439 U.S. 1115, 99 S.Ct. 1020, 59 L.Ed.2d 74 (1979). If the parties do not agree to modify the proposed agreement, then the court must approve or reject the agreement as presented.
Where a proposed agreement is not fair, adequate and reasonable, the court has the option to reject the offered agreement. Parker v. Anderson, 667 F.2d 1204 (5th Cir.), cert. denied, ___ U.S. ___, 103 S.Ct. 63, 74 L.Ed.2d 65 (1982). It is for the trial court to exercise its discretion in approving or rejecting the proposed consent agreement; it is not within the court's discretion to insist upon modification of the proposed agreement. See Bryan v. Pittsburg Plate Glass Co., 494 F.2d 799 (3rd Cir.), cert. denied, 419 U.S. 900, 95 S.Ct. 184, 42 L.Ed.2d 146 (1974). See also Home Development of St. Petersburg v. Bursani, 178 So.2d 113 (Fla. 1965); Steiner v. Physician's Protective Trust Fund, 388 So.2d 1064 (Fla. 3d DCA 1980), petition for review denied, 397 So.2d 779 (Fla. 1981).
The trial court properly entertained the objections of the nonparty stockholders concerning the attorney's fees provision of the proposed settlement agreement. However, in weighing the objected to provision against the value of the proposed agreement as a whole, it was for the trial court to determine either: (1) the agreement as a whole was adequate, fair, wise and reasonable to all concerned, thereby warranting judicial approval; or (2) the agreement was so unfair, inadequate, unwise and unreasonable on its face as to preclude judicial approval. Parker v. Anderson, supra; Mathes v. Roberts, 85 F.R.D. 710 (S.D.N.Y. 1980); American Basketball Association Players Association v. National Basketball Association, 72 F.R.D. 594 (S.D.N.Y. 1976).
The court was not to substitute its business judgment for that of the parties. Mathes, supra. Moreover, the mere fact that there are objections to the proposed settlement will not render the settlement unfair or unreasonable. See American Basketball Association Players Association, supra. The objecting shareholders cannot claim the benefit of particular portions of the proposed settlement which are in their favor and repudiate those portions which are not in their favor. Overton v. Overton, 259 N.C. 31, 129 S.E.2d 593 (1963); Connor v. City of Seattle, 82 Wash. 296, 144 P. 52 (1914). See Local No. 234 v. Henley & Beckwith, Inc., 66 So.2d 818 (Fla. 1953); Florida Mortgage Financing, Inc. v. Flagler Plaza Corp., 308 So.2d 571 (Fla. 3d DCA), cert. denied, 317 So.2d 443 (Fla. 1975).
We emphasize that the provision dealing with attorney's fees is one part of an entire agreement. The proposed agreement was entered into after negotiation by the parties. In the "give and take" during negotiations, the parties undoubtedly agreed to the proposed attorney's fees provision taking into consideration the other provisions of the settlement agreement. The attorney's fees provision was part and parcel of the entire agreement. It was an abuse of discretion for the trial court to modify the one provision. The court was required to approve the stockholders' objections and reject the entire agreement as unfair and unreasonable, or overrule the objections and approve the entire agreement as fair and reasonable. The parties may not be forced *184 to settle their dispute with terms other than those achieved by negotiation and consent.
REVERSED and REMANDED with directions that the trial court reconsider the proposed consent agreement and objections thereto and either accept the entire proposed agreement or reject the entire agreement and allow this cause to proceed for further litigation.
BOARDMAN, A.C.J., and DANAHY, J., concur.