840 So.2d 1101 (2003)
Kimberly FUNG on behalf of herself and all others similarly situated, Appellant,
v.
FLORIDA JOINT UNDERWRITERS ASSOCIATION, Appellee.
No. 3D02-1917.
District Court of Appeal of Florida, Third District.
March 12, 2003.
John H. Ruiz and Maloy Castro Morales and Marleen Colominas and Luisa M. Linares, Miami, for appellant.
Katz, Kutter, Alderman, Bryant & Yon and Katherine E. Giddings, Tallahassee, and Karen Asher-Cohen, for appellee.
Before COPE, GODERICH and FLETCHER, JJ.
COPE, J.
The plaintiff in a class action appeals a final judgment approving a class action settlement because the judgment modifies one of the settlement terms. We conclude that the point is well taken and remand for further proceedings.

I.
Plaintiff-appellant Kimberly Fung filed a Personal Injury Protection ("PIP") class action lawsuit against defendant-appellee Florida Automobile Joint Underwriters Association ("FAJUA"). She alleged that certain PIP claims had wrongly been denied or reduced, and that certain required interest had not been paid.
The parties negotiated a settlement agreement for the class. Under the settlement, additional payments are to be made by FAJUA to class members. The details are not material here.
The parties also reached an agreement that FAJUA would pay an attorney's fee of $200,000 to class counsel. The trial court's treatment of the attorney's fee provision is the matter at issue here.
The trial court found that the financial terms of the settlement were fair to the class. The court had a question, however, about whether the $200,000 attorney's fee may be excessive.
The court entered a final judgment which approves the entire settlement as relates to payments to the class members. However, the final judgment made a referral to a special master for a determination *1102 whether the $200,000 fee amount was reasonable. The final judgment reserved jurisdiction to set an attorney's fee amount for class counsel at a later time.
The plaintiff has appealed, arguing that it was impermissible for the trial court to proceed as it did.

II.
Certainly the trial court is allowed to conduct whatever investigation it feels appropriate before approving a class action settlement. Where, as here, the court had a concern that the attorney's fee might be excessive, the court had the latitude to conduct whatever proceedings it felt appropriate, or refer the matter (as it did) for a recommendation by a special master.
However, the circumstances of this case are that the parties had a fully negotiated settlement agreement which included the financial benefits to be paid to the class, plus a fixed fee of $200,000 for class counsel. Where that is the situation, the court may accept or reject the settlement as a whole, but the court is not allowed to rewrite the agreement.
Writing about the federal class action rule, the United States Supreme Court has said:
Rule 23(e) wisely requires court approval of the terms of any settlement of a class action, but the power to approve or reject a settlement negotiated by the parties before trial does not authorize the court to require the parties to accept a settlement to which they have not agreed. Although changed circumstances may justify a court-ordered modification of a consent decree over the objections of a party after the decree has been entered and the District Court might have advised petitioners and respondents that it would not approve their proposal unless one or more if its provisions was deleted or modified, Rule 23(e) does not give the court the power, in advance of trial, to modify a proposed consent decree and order its acceptance over either party's objection. The options available to the District Court were essentially the same as those available to respondents: it could have accepted the proposed settlement; it could have rejected the proposal and postponed the trial to see if a different settlement could be achieved; or it could have decided to try the case. The District Court could not enforce the settlement on the merits and award attorney's fees any more than it could, in a situation in which the attorney had negotiated a large fee at the expense of the plaintiff class, preserve the fee award and order greater relief on the merits.
Evans v. Jeff D., 475 U.S. 717, 726-27, 106 S.Ct. 1531, 89 L.Ed.2d 747 (emphasis added; footnotes omitted); see Levenson v. American Laser Corp., 438 So.2d 179, 182-84 (Fla. 2d DCA 1983); see also Security Ins. Co. of Hartford v. Puig, 728 So.2d 292, 294 (Fla. 3d DCA 1999).
The judgment now before us runs afoul of the just stated principles because it approves part of the settlementthe financial terms for the classwhile reserving to the court the right to approve an attorney's fee different from the one the parties have negotiated. That is not permissible.[*]
In the present case the trial court may receive the report of the special master and come to a conclusion regarding the reasonableness of the attorney's fee. If *1103 the court concludes that the fee is reasonable, that issue is resolved. If the court concludes that the fee is unreasonable, then the court may reject the settlement in its entirety, and advise the parties what modifications to the agreement may make it acceptable to the court. It would then be up to the parties whether to modify the agreement or not.
In closing, we reiterate that the trial court has the authority to conduct whatever inquiry the court feels appropriate regarding the fairness of a proposed class action settlement. Certainly the trial court's conscientiousness in that regard in this case is to be commended. However, in the end the choices available to the court are acceptance or rejection of the settlement as a whole.
For the reasons stated, we reverse the judgment and remand for further proceedings consistent herewith.
NOTES
[*] The Evans decision discusses some of the reasons why the parties may prefer to negotiate a specifically agreed fee amount rather than leaving the fee amount discretionary with the court. 475 U.S. at 733-34, 106 S.Ct. 1531.