COPE, J.
Kimberly Fung appeals an order disapproving a proposed class action settlement because the trial court concluded the agreed attorney’s fee was too high. Because the trial court acted within the discretion granted by this court in an earlier decision, we affirm.
Plaintiff-appellant Fung brought a class action lawsuit alleging that defendant-appellant Florida Automobile Joint Underwriters Association (“FAJUA”) failed to pay certain Personal Injury Protection (“PIP”) benefits to its policyholders. The parties negotiated a class action settlement and presented it to the trial court for approval.
The trial court found the class settlement benefits to be reasonable. The court was concerned, however, that the agreed attorney’s fee of $200,000 was excessive. Over plaintiffs objection the court severed the attorneys fee provision and approved the remainder of the settlement.
The plaintiff appealed, arguing that the trial court could approve the settlement as a whole, or disapprove it as a whole, but could not rewrite the agreement over the objection of one of the parties thereto. Relying on United States Supreme Court as persuasive authority,[1] we agreed with the plaintiff. Fung v. Florida Joint Underwriters Ass’n, 840 So.2d 1101, 1102 (Fla. 3d DCA 2003). We said:
Certainly the trial court is allowed to conduct whatever investigation it feels appropriate before approving a class action settlement. Where, as here, the court had a concern that the attorney’s fee might be excessive, the court had the latitude to conduct whatever proceedings it felt appropriate, or refer the matter (as it did) for a recommendation by a special master.
However, the circumstances of this case are that the parties had a fully negotiated settlement agreement which included the financial benefits to be paid to the class, plus a fixed fee of $200,000 for class counsel. Where that is the situation, the court may accept or reject the settlement as a whole, but the court is not allowed to rewrite the agreement.
Id. at 1102.
We remanded for further proceedings, saying:
In the present case the trial court may receive the report of the special master and come to a conclusion regarding the reasonableness of the attorney’s fee. If the court concludes that the fee is reasonable, that issue is resolved. If the court concludes that the fee is unreasonable, then the court may reject the settlement in its entirety, and advise the parties what modifications to the agreement may make it acceptable to the court. It would then be up to the parties whether to modify the agreement or not.
In closing, we reiterate that the trial court has the authority to conduct whatever inquiry the court feels appropriate regarding the fairness of a proposed class action settlement. Certainly the trial court’s conscientiousness in that regard in this case is to be commended. However, in the end the choices available to the court are acceptance or rejection of the settlement as a whole.
Id. at 1102-03.
On remand, the trial court accepted the lodestar calculation performed by the spe *195 cial master, former Circuit Judge Martin Kahn. The court determined that a multiplier of 1.5 should be allowed.[2] The court ruled that a reasonable fee would be $135,000, and advised the parties that the court would approve the class settlement if the attorney’s fee were reduced to that figure. The plaintiff refused to reduce the fee.
In the meantime FAJUA had already paid the class settlement to the class members, amounting to $10,000. In answer to a question by the court, FAJUA advised that it would not seek to recapture those benefits even if the class settlement were disapproved. The court disapproved the class settlement.
The plaintiff has appealed, arguing that it was an abuse of discretion for the trial court to disapprove the settlement where the class received $10,000 in financial benefits and FAJUA had agreed to pay the $200,000 attorney’s fee. We disagree.
As we view the matter, this court’s prior decision established the law of the case. The prior decision authorized the trial court to approve or disapprove the entire settlement. Id. at 1103. The prior panel specified that the class settlement could be disapproved in its entirety if the trial court found the agreed attorney’s fee to be excessive—which the court did. As the trial court acted entirely in accordance with the terms of the remand, the order now before us is affirmed.

. The Florida class action rule is patterned after the federal class action rule and thus federal precedent interpreting the federal rule is persuasive authority. See Taran v. Blue Cross Blue Shield of Fla., 685 So.2d 1004, 1006 (Fla. 3d DCA 1997).

. The master had recommended no multiplier.