LEWIS, J.
Appellant, Nathan M. Hameroff, M.D., seeks review of the trial court’s Amended Order Awarding Attorneys’ Fees and Costs, arguing that the trial court abused its discretion in unilaterally modifying the terms of the class action settlement. We agree and, therefore, reverse the order on appeal and remand.
In 1995, certain health care entities filed a proposed class action suit, seeking to declare Florida’s Public Medical Assistance Trust Fund (“PMATF”) assessment unconstitutional. Pursuant to the PMATF, hospitals and other health care entities were assessed 1.5 percent of their annual net operating revenues in order to provide a method for funding the provision of health care services to indigent persons. The plaintiffs sought a refund of all improperly paid assessments and reasonable attorneys’ fees. The trial court granted the plaintiffs’ motion for class certification, we affirmed, and the supreme court approved our decision. See Pub. Med. Assistance Trust Fund v. Hameroff, 689 So.2d 358 (Fla. 1st DCA 1997), approved, 736 So.2d 1150 (Fla.1999).
In 1996, the plaintiffs moved to stay the enforcement of the PMATF assessments and to abate the accrual of penalties during the pendency of the litigation. The trial court granted the motion “for those Plaintiffs who pay current contested assessment amounts into a Court-supervised interest-bearing account....”
Thereafter, the original action was consolidated with four other class actions challenging the constitutionality of the PMATF assessment. The approximate 1,000 class members were again informed that they could either pay their assessments directly to the Agency for Health Care Administration (“AHCA”) or deposit their assessments into the escrow account and that payment to AHCA would eliminate their potential responsibility to pay additional interest in the event that the litigation was unsuccessful.
In 2001, the trial court concluded that the PMATF assessment was unconstitutional on due process grounds and permanently enjoined AHCA from imposing any further assessments upon the class members. While AHCA’s appeal was pending, the trial court entered an Agreed Order of Conditional Stay, requiring that all PMATF assessments paid subsequent to *829 the February 5, 2001, judgment be paid into the escrow account. We subsequently reversed the trial court’s judgment, finding a rational basis for the assessment. See Agency for Health Care Admin. v. Hameroff, 816 So.2d 1145, 1150 (Fla. 1st DCA 2002), review denied, 835 So.2d 266 (Fla.2002), cert. dismissed, 539 U.S. 973, 124 S.Ct. 14, 156 L.Ed.2d 680 (2003).
Following a trial on the remaining issues, the trial court concluded that the PMATF assessment constituted an unconstitutional income tax. During the pen-dency of the appeal, the parties reached a settlement agreement in which they agreed that the class members who paid into the escrow account would receive refunds limited to their respective deposits, “less their pro rata share of attorney’s fees and costs.... ” Prior to the refund disbursement, $5,000,000 was to be paid from the escrow account to AHCA for support of the Medically Needy Program. The settlement notice explained that of the $150,000,000 collected as assessments, approximately $55,000,000 had been deposited into the escrow account.
On July 22, 2003, the trial court approved the settlement, finding that it represented a substantial refund benefit to the class members and recovered “for those who escrowed their payments an amount in excess of $55 million, part of which is to be used to pay their reasonable attorney’s fees and costs; and also relieves all class members of any unpaid back assessments and of the obligation to pay any further assessments.” Two days later, the trial court entered an order awarding attorneys’ fees to class counsel. On July 31, 2003, the Final Judgment was entered. However, on August 4, 2003, the trial court sua sponte entered an “Order Vacating Final Judgment, Order Approving Joint Stipulation and Order Awarding Attorneys Fees and Costs for Reconsideration” in which it explained that it would reconsider the factual and legal basis for the attorneys’ fee amount. On October 10, 2003, the trial court reinstated the July 31, 2003, Final Judgment and the order approving the settlement. SunTrust Bank was ordered to immediately disburse $31,444,726 to the class members and to retain $21,020,450 pending a hearing on attorneys’ fees.
Following the fee hearing, the trial court entered the order on appeal in which it reduced the attorneys’ fee. With respect to the allocation of the attorneys’ fee burden, the trial court set forth:
Obtaining refunds for taxes paid during the pendency of the litigation was highly beneficial to class members paying all taxes into the escrow fund, but of no benefit whatsoever to those class members who paid AHCA, with the reasonable expectation that they would not suffer any difference in treatment from the other class members. Therefore, the attorneys should be paid first from the payments made into the escrow fund before it became mandatory, and the balance, if any, from the remaining escrow funds.
Because disbursements made pursuant to this Court’s Order dated October 10, 2003, were made in proportion to the amounts the class members had paid into the escrow account, those members who elected to pay AHCA directly prior to the time escrow payments became mandatory, received less than an equitable repayment of taxes paid. Such members who paid AHCA directly should be entitled to a higher percentage of the escrow funds now remaining in the account, than the percentage used for the first disbursement of $31,000,-00[0]. This allowance to those class members who paid some taxes directly to AHCA is made because of the inequi *830 ties they suffered from the terms of the settlement, to which they had notice, but made no objection or waived any such objection, in order to accommodate the other class members. Therefore, the attorneys’ fees and costs shall be paid in full first out of the escrow funds now held in escrow which would be payable to class members who paid taxes into the escrow account before such method of payment became mandatory.[1]
This appeal followed.
A trial court’s ruling either approving or rejecting a settlement is reviewed under the abuse of discretion standard. Ramos v. Philip Morris Cos., 743 So.2d 24, 32 (Fla. 3d DCA 1999). As the Third District has held, a trial court has the authority to conduct whatever inquiry it feels appropriate regarding the fairness of a proposed class action settlement. See Fung v. Fla. Joint Underwriters Ass’n, 840 So.2d 1101, 1101 (Fla. 3d DCA 2003). However, the only choices available to a trial court are acceptance or rejection of the settlement as a whole. Id.; see also Evans v. Jeff D., 475 U.S. 717, 727, 106 S.Ct. 1531, 89 L.Ed.2d 747 (1986) (holding that a court may either accept a proposed settlement, reject a proposed settlement, or try the case). While a trial court may make suggestions for modification of a proposed settlement, it may not unilaterally modify the settlement by rewriting an agreement entered into by the parties. Levenson v. Am. Laser Corp., 438 So.2d 179, 183 (Fla. 2d DCA 1983). If the parties disagree as to the suggested modifications, the court must either approve or reject the settlement as presented. Id.
Here, as appellant contends, the class members agreed that they would pay their pro rata share of attorneys’ fees and costs, regardless of whether all of their payments had been made into the escrow account or whether some had been made directly to AHCA before payment into the escrow account became mandatory. By reallocating the attorneys’ fee burden, the trial court impermissibly rewrote a term of the settlement agreement. Any concerns that the trial court may have had with the settlement’s inequities should have been made known to the parties prior to the settlement’s approval. See Levenson, 438 So.2d at 183. Had the parties been unable to incorporate any suggestions made by the trial court into their settlement agreement, the court would have then been free to reject the agreement in its entirety. See In re BankAmerica Corp. Sec. Litig., 210 F.R.D. 694, 712 (E.D.Mo.2002) (rejecting the class settlement as a whole because the court could not accept the settlement’s allocation plan). Yet, by first approving the settlement and then rewriting a term of the settlement, the trial court abused its discretion. See City of Dubuque v. Iowa Trust, 587 N.W.2d 216, 223 (Iowa 1998) (noting that the trial court would have abused its discretion had it modified the amounts allocated in the class settlement based on its perception of the merits of the settlement terms).
Accordingly, we REVERSE and REMAND for further proceedings consistent with this opinion.
ALLEN and HAWKES, JJ., concur.

. Approximately 218 class members voluntarily paid their assessments into the escrow account prior to the time in which payment into the account became mandatory.