DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RYAN MAXWELL,**
Appellant,

v.

**MARK W. EDWARDS, D.M.E.,** a minor, **ELIZABETH E. EASON,
JOHN A. EDWARDS, JAMES W. ODOM,** and **MORGAN W. SOUMAH,**
Appellees.

No. 4D21-951

[August 17, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Maxine Cheesman, Judge; L.T. Case No. 502016CP002702.

Drew J. Daddono of Anchor Trust Management, Tampa, for appellant.

Adrian Thomas and Michele M. Thomas of Adrian Philip Thomas, P.A., Fort Lauderdale, for appellees Mark W. Edwards and D.M.E., a minor.

Kevin P. Robinson and Andrew H. Thompson of Zimmerman, Kiser & Sutcliffe, P.A., Orlando, for appellees Elizabeth E. Eason, John A. Edwards, James W. Odom, and Morgan W. Soumah.

FORST, J.

Appellant Ryan Maxwell appeals the trial court's order granting the joint motion to approve settlement agreement. On appeal, Appellant argues the trial court erred in approving the settlement agreement because Appellant was never a party to the agreement. We agree and reverse and remand for the trial court to hold further proceedings consistent with this decision.

**Background**

Willard M. Ware created a trust that was later modified so that, upon his and his wife's death, the trust would be divided into three separate equal-share trusts for each of his daughters: Martha, Nancy, and Rhoda.

The underlying litigation only concerns Martha's equal-share trust ("Martha's Trust").

Martha had five children: Mark Edwards, Elizabeth Eason, John Edwards, James Odom, and Morgan Soumah (collectively "Martha's children"). Martha's children also had children (collectively "Martha's grandchildren"), one of whom is Appellant.

Elizabeth, John, James, and Morgan filed a complaint against Mark, Martha's grandchildren (including Appellant), and the trustee, seeking clarification as to who had the authority to renegotiate the fees charged by the trustee. Subsequently, Mark filed a counterclaim and crossclaim against all other parties, seeking a modification of Martha's Trust to provide him with a 20% share of the trust independent of the remainder of the beneficiaries. While Mark's counterclaim and crossclaim were pending, the complaint filed by Mark's siblings was voluntarily dismissed.

Mark's counterclaim and crossclaim were amended four times, during which time Appellant never filed a responsive pleading. Throughout the proceedings, all the trust beneficiaries, except for Appellant, engaged in extensive litigation including both participation in a mediation and an interlocutory appeal. However, despite Appellant's inactivity, neither the parties nor the trial court moved for a default against Appellant.

Eventually, all the trust beneficiaries, except for Appellant, entered into a settlement agreement with respect to Mark's counterclaim and crossclaim and filed a joint motion requesting the trial court to approve the settlement agreement. The settlement agreement stated that all the trust beneficiaries agreed to the terms and were referred to as "parties"; however, the agreement did not contain Appellant's signature. Upon the filing of the joint motion, Appellant participated in the proceedings for the first time and filed an objection, arguing that he never entered into this agreement and that the other trust beneficiaries negotiated the settlement without his input. After a hearing was held, the trial court entered an order granting the joint motion to approve the settlement agreement over Appellant's objection and directing Appellant to "comply with all terms of the Settlement Agreement." That order is the subject of the instant appeal.

## Analysis

Appellant argues the trial court erred in approving the settlement agreement over his objection because he was never a party to the agreement and therefore could not be bound by its provisions. We agree.

2

"A trial court's ruling either approving or rejecting a settlement is reviewed under the abuse of discretion standard." *Hameroff v. Pub. Med. Assistance Tr. Fund*, 911 So. 2d 827, 830 (Fla. 1st DCA 2005). "[T]he only choices available to a trial court are acceptance or rejection of the settlement as a whole." *Id.* (citing *Fung v. Fla. Joint Underwriters Ass'n*, 840 So. 2d 1101, 1101 (Fla. 3d DCA 2003)).

"Ordinarily, one who is not a party to a settlement agreement cannot be bound by its terms." *Ahern v. Odyssey Re (London) Ltd.*, 788 So. 2d 369, 371–72 (Fla. 4th DCA 2001); *see also Sec. Prof'ls, Inc. v. Segall*, 685 So. 2d 1381, 1383 (Fla. 4th DCA 1997) ("As a general rule, parties that are not included in a stipulation for settlement cannot be bound by its provisions."); *Video Super Stores of Am., Inc. v. Mastriana*, 575 So. 2d 326, 326 (Fla. 4th DCA 1991) ("The final judgment was entered pursuant to a joint stipulation of settlement entered into between [the other parties]. Appellant was not a party to that agreement and cannot be bound by the provisions thereof.").[1]

Here, the record shows Appellant never signed the settlement agreement and that he filed an objection to it, stating he never agreed to its terms. As no default had been entered against Appellant, he was still a party to the underlying action. Accordingly, the trial court abused its discretion in approving this settlement agreement due to the inclusion of Appellant as a party, and further erred in requiring Appellant to comply with the agreement's terms.

## Conclusion

Because Appellant never entered into the settlement agreement with the other trust beneficiaries, he never became a party to the agreement, and as a result, he cannot be bound by the provisions thereof. Therefore,

---

[1] *See also Whetstone Candy Co. v. Kraft Foods, Inc.*, 351 F.3d 1067, 1073 (11th Cir. 2003) ("Generally, a contract does not bind one who is not a party to the contract, or who has not in some manner agreed to accept its terms."); *Pratt v. Gov't Employees Ins. Co.*, 8:18-CV-1607-T-36AEP, 2020 WL 3618448, at *10 (M.D. Fla. July 2, 2020) (finding it "undisputed that Defendant was not a party to the Stipulated Final Judgment and did not sign the Stipulation for Final Judgment," and therefore "no reasonable jury could find that Defendant accepted the terms of the Stipulated Final Judgment or the Stipulation for Final Judgment."), *vacated and remanded sub nom. AMBAR PRATT, as Assignee of Marise S. Eason f.k.a. Ambar Torres, Plaintiff-Appellant, v. GOVERNMENT EMPLOYEES INSURANCE COMPANY, Defendant-Appellee, HARTFORD FIRE INSURANCE COMPANY, Defendant.*, 20-12718, 2022 WL 2125532 (11th Cir. June 14, 2022).

we reverse and remand for the trial court to vacate its order granting the joint motion to approve the settlement agreement and to conduct further proceedings consistent with this decision.

*Reversed and remanded.*

WARNER and ARTAU, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**